Mario S. MARTINEZ, Appellant,

v.

Gary RUTLEDGE, Appellee.

No. 20097.

Court of Civil Appeals of Texas,
Dallas.

Dec. 6, 1979.

Rehearing Denied Jan. 14, 1980.

Bertran T. Bader, III, Bader & Cox, Dallas, for appellant.

Gerald R. Powell, Vial, Hamilton, Koch, Tubb, Knox & Stradley, Dallas, for appellee.

Before AKIN, STOREY and HUMPHREYS, JJ.

STOREY, Justice.

Plaintiff, Mario S. Martinez, sued Gary Rutledge and others for injuries alleged to have resulted from an automobile collision. Plaintiff's action against defendant Rutledge was dismissed and severed from his action against the other defendant. Dismissal was ordered because plaintiff refused to obey discovery orders of the court which required him either to produce certain medical records or to furnish medical authorization for them. Plaintiff has appealed urging four points of error, namely: That the orders were not authorized by Texas Rules of Civil Procedure; that Veteran's Administration medical records are privileged; that there was no showing of good cause by the defendant; and that there was no showing the records were in plaintiff's care, custody or control. Because these points are without merit, we affirm.

Rule 167 of the Texas Rules of Civil Procedure provides in part:

Upon motion of any party showing good cause therefor and upon notice to all other parties, and subject to such limitations of the kind provided in Rule 186b as the court may impose, the court in which an action is pending *may order any party*:

(1) *To produce and permit the inspection and copying or photographing by or* on behalf of the moving party of any of the following which are in his possession, custody or control : (a) any designated documents, papers, books, accounts, letters, photographs, objects or tangible things not privileged, which constitute or contain, or are reasonably calculated to lead to the discovery of, evidence material to any matter involved in the action;
. . . . [Emphasis added.]

The purpose of discovery proceedings is to allow the parties to obtain the fullest knowledge of facts and issues prior to trial. *West v. Solito*, 563 S.W.2d 240, 243 (Tex. 1978). The trial court is allowed great latitude in ordering discovery and its action cannot be set aside unless there is a clear showing of abuse of discretion. *Meyer v. Tunks*, 360 S.W.2d 518 (Tex.1962); *Young Companies, Inc. v. Bayou Corp.*, 545 S.W.2d 901 (Tex.Civ.App.—Beaumont 1977, no writ). In our view, the rules pertaining to discovery should be liberally construed, similar to decisions construing the federal rules upon which our rules are based. *Schlagenhauf v. Holder*, 379 U.S. 104, 115, 85 S.Ct. 234, 241, 13 L.Ed. 152 (1964); *Dollar v. Long Manufacturing, Inc.*, 561 F.2d 613, 616 (5th Cir. 1977), *cert. denied*, 435 U.S. 996, 98 S.Ct. 1648, 56 L.Ed.2d 85 (1978); *U. S. v. McWhirter*, 376 F.2d 102, 106 (5th Cir. 1967). The question presented, therefore, is whether an abuse of discretion is shown under the facts of this case.

Plaintiff alleged that the collision, which occurred in November 1975, resulted in injury to his cervical and upper thoracic spine. His deposition testimony revealed that he had been hospitalized in 1974 for treatment of a lower back injury received in an automobile accident; and that in 1969, he had been hospitalized at St. Alban's Naval Hospital for treatment of a lower back injury received in a truck accident while on military duty. Defendant's first motion for discovery requested an order requiring plaintiff to produce and deliver a signed medical authorization form because defendant had been unable to obtain the records by usual discovery procedures. On November 6, 1978, after hearing, the court entered

its order granting the motion but limiting discovery to those records of St. Alban's Naval Hospital "relating to any back injuries." Plaintiff was given fourteen days to comply.

On January 24, 1979, defendant applied for sanctions praying for dismissal because of failure to comply with the November 6th order. On February 14, 1979, after hearing, the court ordered that plaintiff "furnish to defendant either the medical records of Mario S. Martinez from St. Alban's Naval Hospital in Queens, New York, relating to any back injuries, or a signed medical authorization permitting attorneys for defendant to obtain medical records of the plaintiff from St. Alban's Naval Hospital in Queens, New York, relating to any back injuries." The court further ordered that if plaintiff did not furnish the records or authorization on or before March 15, 1979, his action would be dismissed with prejudice. On March 27, 1979, a written stipulation was filed in the court in which plaintiff stipulated that he was given sufficient time to sign the authorization "but refuses to do so." The stipulation contains no mention of production of the medical records ordered by the court; but implicit in the refusal is also a refusal to produce records, otherwise no need would exist for the authorization. Further, plaintiff makes no complaint that he had insufficient time to produce the records, and he gave no other reason to the trial court for his failure to produce. On March 27, 1979, defendant filed his second motion for sanctions in which he alleged, "Since this [St. Alban's] is a United States military hospital, defendant is unable to obtain said records by State Court subpoena power." On April 16, 1979, the court entered its Order of Dismissal from which this appeal is taken.

■ Plaintiff first complains that the court's order is unauthorized because it requires the creation of a document not in existence whereas Rule 167 requires a party to produce only designated documents or tangible things for inspection. Because of the decisions granting to trial courts wide discretion in ordering discovery to effect the purpose of obtaining fullest knowledge of facts and issues prior to trial, we cannot agree that the rule compels this limited construction. The tangible thing here sought is the record which is in existence. The authorization is merely the means of acquiring that which is sought. We do not agree that the order required creation of a document and therefore overrule plaintiff's first point. Even if we accept plaintiff's argument concerning creation of a document, he nevertheless had the alternative to produce the records.

■ Plaintiff contends, however, that he was under no duty to produce because the records were privileged and, in support of this contention, he relies upon 38 U.S.C.A. § 3301 (1979), which provides that all records administered by the Veteran's Administration shall be confidential and privileged. No cases defining the nature of the privilege contained in § 3301 are cited to us, nor has our research revealed authorities. We conclude that the records are not wholly privileged, however, because the Act expressly contains five instances of permissible disclosure. For example, records may be released to a claimant or his agent, or when required by process of a United States Court, or in any suit when deemed necessary and proper by the Administrator. Because the Act expressly grants to others the authority to make a disclosure without consent of the plaintiff, we view its purpose to be a protection against invasion of privacy rather than a privilege. This view is supported by subdivision (g) of § 3301 which requires that disclosures be made in accordance with 5 U.S.C.A. § 552(a) (1977), the Privacy Act of 1974 which also governs disclosure of income tax records. We view the matter then as analogous to disclosure of income tax records where the inquiry on appeal is whether, based upon relevancy and materiality, an abuse of discretion existed. *Maresca v. Marks*, 362 S.W.2d 299 (Tex.1962); *Crane v. Tunks*, 160 Tex. 182, 328 S.W.2d 434 (1959). We conclude there is no abuse of discretion shown where, as here, plaintiff has placed his health in issue and discovery is limited to specific records

relating exclusively to an injury to the same area of the body as that declared upon by plaintiff. This is particularly true where, as here, the records could readily be obtained with plaintiff's cooperation.

 Plaintiff urges, however, that Rule 167 requires the records to be in his possession, custody or control. Plaintiff did not claim to the trial court an inability to obtain possession of the records. Implicit in any order for discovery is the ability or means to comply. A party is not required to insure production but only to exercise reasonable diligence to gain production. If the custodian of the record should refuse to honor plaintiff's request or his authorization, then plaintiff would doubtless be absolved of responsibility. Where, however, plaintiff refuses to make a reasonable effort to produce, he may not be excused merely because the records are not in his actual possession. Absent any reason for failure to comply due to inability, we cannot presume that the court entered an order with which the plaintiff was unable to comply. *Saenz v. Sanders*, 241 S.W.2d 316, 318 (Tex.Civ.App.—San Antonio 1951, no writ). Plaintiff did have control over the records, because by either granting or withholding his consent, he may determine who shall have access to the records. *See Leszynski v. Russ*, 29 F.R.D. 10, 13 (D.Md.1961); *Schwartz v. Travelers Insurance Co.*, 17 F.R.D. 330 (S.D.N.Y.1954). We conclude, therefore, that even if plaintiff did not have possession, he has failed to show that he did not have control of the records, and he may not refuse to produce the records merely because they are not in his possession unless he is able also to show that he lacks the means, in the exercise of reasonable diligence, to gain possession.

 Plaintiff urges also that good cause for production of the medical records has not been shown. In this connection, he contends good cause was not shown because defendant did not attempt to first gain access directly from the Administrator under exception (b)(5) of § 3301 which provides the Administrator shall make disclosure, when, in his judgment, it is deemed necessary and proper. Plaintiff concedes that we may "correctly speculate" that the Administrator would, in this case, decline, but that nevertheless the defendant was compelled to make the request of him. Rather than speculate, however correctly, we hold that the trial judge is in the better position to determine what is "necessary and proper" in a given case; and, therefore, prior requests to the Administrator are not necessary.

 Nor do we agree with plaintiff that his admissions of prior back injuries and admissions that he is receiving veteran's benefits for them are sufficient to preclude discovery of his medical records because these admissions do not provide the technical information necessary for the examination of medical witnesses. Although we adhere to the decision of this court in *Texhoma Stores, Inc. v. American Central Insurance Co.*, 424 S.W.2d 466 (Tex.Civ.App.—Dallas 1968, writ ref'd n.r.e.), that the liberal construction of Rule 167 should not permit "fishing excursions," we nevertheless hold that questions relating to good cause should be addressed to the discretion of the trial court.

Finally, we observe that the plaintiff did not move in the trial court for a protective order as he is authorized to do by Tex.R. Civ.P. 186b. For example, he could have requested that the court require the examining or treating doctors not be questioned out of his presence or that it require a delivery of the records for in camera inspection to determine materiality or relevancy. Further, the court's order did not attempt to set out the terms of the authorization which it required plaintiff to furnish. We perceive no reason why plaintiff could not have incorporated into the authorization any reasonable safeguard he deemed necessary as an alternative to his refusal to obey.

Affirmed.