**DUNN EQUIPMENT, INC., Relator,**

**v.**

**Honorable J. Ray GAYLE, III, Presiding Judge of the 239th Judicial District Court of Brazoria County, Texas, Respondent.**

**No. C14–86–618–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 22, 1987.

Rehearing Denied Feb. 26, 1987.

Robert C. Floyd, Timothy D. Riley, Houston, for relator.

Robert L. LeBoeuf, Curtis Collette, Houston, for respondent.

Before JUNELL, DRAUGHN and ELLIS, JJ.

## OPINION

JUNELL, Justice.

This is an original mandamus proceeding instituted by Dunn Equipment, Inc., Relator, against Respondent, Honorable J. Ray Gayle, III, Presiding Judge of the 239th Judicial District Court of Brazoria County, Texas. Relator seeks a writ of mandamus requiring Judge Gayle to vacate his order requiring Relator to produce certain post-accident investigation information.

Relator contends the trial court abused its discretion in ordering Relator to produce the investigation materials gathered by Relator and its insurance carriers in anticipation of litigation. We deny the petition for writ of mandamus.

The matters at bar arose as a result of a collision on December 11, 1984, involving Defendant, Johnny Newsome, who was op-erating a truck owned and furnished by his employer, Defendant/Relator, Dunn Equipment, Inc. Plaintiffs filed suit under the Wrongful Death Statute and the Survival Act against Newsome and Relator seeking recovery of damages allegedly sustained as a result of the death of Plaintiffs' decedent in the accident.[1] Following the collision, Relator's vehicle was removed from the scene and taken to Relator's facility. Shortly thereafter, Relator and/or its insurance carriers conducted an investigation into the accident.

Plaintiffs filed suit on December 19, eight days after the collision. During the course of discovery Plaintiffs filed a request for production seeking "the entire claim file of Western Employers Insurance Company, Allianz Underwriters Insurance Company, Dunn Equipment, Inc., and/or Johnny Newsome, their agents, servants or employees, pertaining to any investigation of the incident made the basis of Plaintiffs' claim from December 11, 1984 through December 19, 1984." (Western Employers Insurance Company and Allianz Underwriters Insurance Company are the liability insurance carriers for Relator).

Relator filed objections to the request asserting the information was privileged and therefore not discoverable. Plaintiffs filed a motion to compel production, and Relator filed a brief in support of the objection to Plaintiffs' motion asserting (1) the applicability of Rule 166b(3)(d) and (2) the lack of any right or control over the insurance carriers or their file. Respondent sustained the motion to compel production and ordered that Relator produce the requested information.

Texas Rule of Civil Procedure 166b(3)(d) makes undiscoverable:

... any communication passing between agents or representatives or the employees of any party to the action or communications between any party and his agents, representatives or their employees, where made subsequent to the occurrence or transaction upon which the suit is based, and made in connection

---

1. Plaintiffs are Betty M. Crouch, individually and as representative of the estate of John David Crouch, deceased, and Lynette Crouch, Linda Graham, and John David Crouch, Jr.

with the prosecution, investigation or defense of the claim or the investigation of the occurrence or transaction out of which the claim has arisen.

(Vernon Supp.1986).

■ The Rule 166b investigative privilege can be invoked where the documents sought to be protected are prepared in connection with the prosecution, defense, or investigation of the lawsuit in which the discovery is sought *or* if they were prepared in the investigation of an occurrence in anticipation of litigation. *Allen v. Humphreys,* 559 S.W.2d 798, 803 (Tex.1977). The results of a test or survey done after the institution of a suit, or after parties had "good cause to believe such a suit would be filed" would be privileged under Rule 166b(3)(d). *Id.*

Plaintiffs contend the court did not err in ordering production because there was no showing the materials were privileged from discovery. We agree. Where the privilege is claimed under Rule 166b(3)(d), the claimant has the burden of producing evidence to establish the applicability of the privilege to the materials sought to be protected. *Griffin v. Smith,* 688 S.W.2d 112, 114 (Tex.1985); *Weisel Enterprises, Inc. v. Curry,* 718 S.W.2d 56, 58 (1986). The burden is on the party resisting discovery to prove that the evidence is acquired or developed in anticipation of litigation. *Turbodyne Corp. v. Heard,* 720 S.W.2d 802, 804 (1986). Relator has failed to meet this burden. The record contains no evidence whatsoever that the materials requested fall within the privilege claimed. The record is silent as to what is contained in the claim file ordered produced; we are not in a position to say Respondent abused his discretion by ordering production.

Relator contends that because the request asks for documents prepared by Relator's liability insurers during the course of their investigation of the accident, the request itself is evidence sufficient to support the assertion of the privilege. Relator cites as authority *Weisel Enterprises, supra* and *Menton v. Lattimore,* 667 S.W.2d 335 (Tex.App.—Fort Worth 1984, no writ).

**2.** At the time of the *Menton* case, the investigative privilege was set out in Tex.R.Civ.P. 186a

These cases do not support Relator's contention.

*Weisel* states that a trial judge who denies discovery in the absence of evidence substantiating the claim of privilege abuses his discretion. The court reiterates the procedure to be followed by a party seeking discovery which was set out in *Peeples v. Fourth Supreme Judicial District,* 701 S.W.2d 635 (Tex.1985). The court stated:

Any party who seeks to exclude documents from discovery must specifically plead the particular privilege, immunity or exclusion applicable to the document in question and produce evidence supporting such claim. The trial court must then determine whether an *in camera* inspection is necessary, and, if so, the party seeking protection must segregate and produce the documents to the court.... When, however, the claim for protection is based on a specific privilege, such as attorney-client or attorney work product, the documents themselves may constitute the only evidence substantiating the claim of privilege.

*Weisel,* 718 S.W.2d at 58. An "unverified, global allegation" that a list of documents is protected by a privilege is not sufficient to substantiate the existence of the privilege. Absent evidence to support the claim of privilege, a trial judge who denies discovery abuses his discretion. *Id.*

In *Menton,* the court conditionally granted a writ of mandamus directing the Respondent to vacate his order compelling production of a tape and court-ordered transcript of an interview of Relators/Defendants by a representative of their insurance carrier. Both the trial court and the appellate court were aware of the specific items being claimed as privileged under Rule 166b(3)(d) [2]—statements by the insured to their insurer's representative made in connection with the investigation of the events leading to the death of Respondent's patient.

In the instant case Relator contends the *entire* claim file of the insurance companies and Relator should be protected as privileged without supporting his claim with a shred of evidence as to the contents of the file or that it was prepared in con-

(Vernon Supp.1985).

nection with a possible legal defense of a claim. It would have been an abuse of the trial court's discretion to deny the discovery with nothing more than an "unverified global allegation" of privilege.

Relator further contends it has no right to compel its insurance carriers to produce anything and is therefore unable to produce the requested documents. We do not decide that issue at this time. We do find that Relator produced no evidence to show Respondent (1) that any attempt to obtain the information had been made, and/or (2) that the carriers had refused to comply with the request for production, or (3) that Dunn was unable to obtain possession of the requested material. Absent such evidence, this court cannot presume Respondent entered an order with which plaintiff was unable to comply. *Martinez v. Rutledge*, 592 S.W.2d 398, 401 (Tex.Civ. App.—Dallas 1979, writ ref'd n.r.e.).

Respondent did not abuse his discretion in ordering the materials produced. Relator's petition for writ of mandamus is hereby denied.