### In re Lillian Beatrice SHIPMON, Relator.

#### No. 07–01–0447–CV.

Court of Appeals of Texas, Amarillo.

Dec. 11, 2001.

---

3. The Supreme Court opinion was issued May 6, 1992.

**818**

David Lanehart, Lubbock, for relator.

J. Blair Cherry, Jr., Lubbock, for Respondent.

George Thompson Law Offices (Ann Manning), Lubbock, for real party.

Before QUINN and REAVIS and JOHNSON, JJ.

DON H. REAVIS, Justice.

In this original proceeding, relator Lillian Beatrice Shipmon seeks a writ of mandamus requesting that we order the Honorable Blair Cherry, Judge of the 72nd Judicial District Court of Lubbock County, to vacate his order of September 18, 2001, in the underlying proceeding in cause number 2001–513,933, styled Lillian Beatrice Shipmon v. Connie Vance Jeffreys (real party). By her petition for writ of mandamus, relator presents two issues:

**Issue One:**

Did the trial court clearly abuse its discretion in ordering Relator to create, execute, and produce documents authorizing Defendant's counsel to obtain cer-

tain records, when such documents were not in existence at the time of the hearing at which trial court made such order?

**Issue Two:**

Did the trial court clearly abuse its discretion in overruling Relator's objections that Defendant's *Requests for Production* (b), (g), (j), (*l*), (m), (*o*), (u), (v), (w), and (x) were overbroad and lacked specificity, when Respondent stated that overruling such objections was something Respondent does "in every case"?

For the reasons set forth, we conditionally grant in part and deny in part the relief requested.

Following an automobile accident, relator filed the underlying action against real party on May 17, 2001, seeking to recover damages which she claimed were caused by the negligence of real party. Thereafter, real party served interrogatories and requests for production on relator, which were timely answered. Relator objected to requests for production (b), (g), (j), (*l*), (m), (*o*), (u), (v), (w), and (x) on grounds that the requests were overbroad and lacked specificity. Before we address relator's issues, we first state the appropriate standard of review applicable to mandamus proceedings.

### Standard of Review

 A writ of mandamus will only issue to correct a clear abuse of discretion or violation of a duty imposed by law when there is no adequate remedy by appeal, and the relator has the burden to present the appellate court with a record sufficient to establish the right to mandamus. *Walker v. Packer*, 827 S.W.2d 833, 837–39 (Tex.1992) (orig.proceeding). With respect to factual matters committed to the trial court's discretion, the appellate court may not substitute its judgment for that of the

trial court. *Id.* at 837. However, a review of a trial court's determination of controlling legal principles is entitled to much less deference. *Id.* at 840. In our analysis, we "must focus on the record that was before the court and whether the decision was not only arbitrary but also amounted 'to a clear and prejudicial error of law.' " *In re Bristol–Myers Squibb Co.*, 975 S.W.2d 601, 605 (Tex.1998). In addition, the parties acknowledge that when questions regarding discovery orders are involved, the scope of discovery is largely within the discretion of the trial court. *In re American Optical Corp.*, 988 S.W.2d 711, 713 (Tex.1998). The trial court is allowed great latitude in ordering discovery and its action cannot be set aside unless there is a clear showing of abuse of discretion. *Martinez v. Rutledge*, 592 S.W.2d 398, 399 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.).

■ By her first issue, relator contends the trial court abused its discretion in ordering the creation of documents which did not previously exist. Although relator does not direct our attention to the portion of the order where this contention is addressed, our review of the briefing and the order reveals that this issue is directed to paragraphs one and three of the order which provide:

1. IT IS ORDERED THAT Defendant limit his requested medical authorization, regarding Plaintiff, to neck and back, for the past ten years, and that Plaintiff sign and immediately return to counsel for Defendant such medical authorization;

3. IT IS FURTHER ORDERED THAT Defendant limit his requested employment authorization, relative to Plaintiff, to a three (3) year period prior to the date of the accident and that Plaintiff, Lillian Beatrice Shipmon, sign and immediately return to counsel for Defendant such employment authorization.

Texas rules governing discovery were substantially revised effective January 1, 1999. Citing *In re Colonial Pipeline Co.*, 968 S.W.2d 938 (Tex.1998), *In re Guzman*, 19 S.W.3d 522 (Tex.App.—Corpus Christi 2000, no pet.), and other authorities, relator contends that the provisions of paragraphs one and three of the order were unauthorized. We disagree.

Initially, we note that the order of the trial court does not require that relator or her attorney prepare an authorization for medical or employment records. Paragraph one of the order expressly requires that real party limit her request for medical authorization as to time and scope. Also, the order requires real party to limit her request for employment records as stated in paragraph three. Although not expressly stated, each paragraph of the order implies that the authorizations are to be prepared by counsel for real party, signed by relator, and immediately returned to real party.

## Medical Records

■ We note that former Rule 166b(2)(h) [1] provided for the production of medical records upon receipt of a written request and required a party to produce the records or furnish an authorization permitting the full disclosure of medical records upon the receipt of a written request. However, the former rule was not included in the revised discovery rules effective January 1, 1999. Under the revised rules, medical records of a party are subject to production under new Rule 194.2, which provides in part: [2]

---

**1.** All references to rules herein are to Texas Rules of Civil Procedure.

**2.** Production of medical records of non-parties is now covered by Rule 196.1(c).

**194.2 Content.** A party may request disclosure of any or all of the following: (j) in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an *authorization permitting the disclosure* of such medical records and bills;

(k) in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills obtained by the responding party by virtue of *an authorization furnished by the requesting party.*

(Emphasis added). Under these new rules, a party may obtain discovery of medical records of another party or obtain an authorization from another party by request for disclosure.[3] *Id.*

Citing *Guzman,* 19 S.W.3d at 525, relator contends that an order requiring her to provide a signed medical authorization was not authorized. However, for reasons not apparent from the opinion, *Guzman* does not mention or distinguish Rule 194.2(j) and (k) nor does the court consider or discuss *Martinez,* 592 S.W.2d at 400 (holding that a trial court order requiring a party to furnish authorization for opposing attorneys to view medical records did not involve the making of a non-existent record). Moreover, *Colonial Pipeline,* 968 S.W.2d at 938, is not controlling as to medical records because it did not involve an authorization for medical records, which at the time of the opinion, was authorized by former Rule 166b(2)(h).

### Employment Records

■ Relator did not object to production of employment records on the ground

of relevance. Instead, relator contended that the requested authorization was overbroad. In the absence of an objection on the ground of privilege or relevance, employment records are subject to discovery under Rule 192.3(a), which provides that a party may obtain discovery of any matter that is not privileged and is relevant. Further, under Rule 192.3(b), records or tangible things in the custody or *control* of a party are subject to production. (Emphasis added). Additionally, the right to possession of a record that is equal or superior to the party who has physical possession of the record constitutes possession for purposes of this rule. Rule 192.7(b).

■ Moreover, relator objected to the requests for medical and employment records on the ground that the requests were overbroad. She did not object to signing authorizations for medical or employment records on the ground that it would require her to prepare a non-existent record. According to the record, it appears that relator signed and provided a limited medical authorization, but the trial court expanded the time and scope of the authorization by paragraph one of the order. Mandamus will not issue to compel a trial judge to do what he or she has not been requested to do. *Owens–Corning Fiberglas v. Caldwell,* 830 S.W.2d 622, 624 (Tex.App.—Houston [1st Dist.] 1991, no writ). This record fails to demonstrate that relator presented these contentions to the trial court. For all of the above reasons, relator's first issue is overruled.

By her second issue, relator contends the trial court abused its discretion in overruling her objections to requests for production that (b), (g), (j), (*l*), (m), (o), (u), (v), (w), and (x) were overbroad and

---

**3.** *See* 6 William Dorsaneo III, Texas Litigation Guide § 90.02[5][k] (2001); *See also* 3 Roy W. McDonald & Elaine A. Grafton Carlson, Texas Civil Practice § 12.19 (2d ed.2000).

lacked specificity. Before we consider the ten requests, we first review some of the relevant rules and authorities.

 The Texas Rules of Civil Procedure authorize discovery into any relevant matter that is not privileged and is reasonably calculated to lead to the discovery of admissible evidence. Rule 192.3. However, in *Axelson, Inc. v. McIlhany*, 798 S.W.2d 550, 553 (Tex.1990), the Court stated that:

> this broad grant, however, is limited by the legitimate interests of the opposing party to avoid *overly broad requests, harassment,* or disclosure of privileged information.

(Emphasis added). Additionally, in *American Optical*, 988 S.W.2d at 713, in discouraging "fishing expeditions," the court held "requests must be *reasonably tailored* to include only matters relevant to the case." (Emphasis added). Similarly, parties responding to discovery are also encouraged to utilize reasonably tailored responses to discovery requests. *See Id.* Accordingly, a party responding to discovery:

> cannot simply make conclusory allegations that the requested discovery is unduly burdensome or unnecessarily harassing. The party must produce some evidence supporting its request for protective order.

*In re Alford Chevrolet–Geo*, 997 S.W.2d 173, 181 (Tex.1999). In its review of the discovery process in *American Optical*, 988 S.W.2d at 713, the Court concluded that the latitude afforded the parties in the discovery process is not unlimited, and "the trial court must make an effort to impose reasonable discovery limits." *Alford Chevrolet–Geo*, 997 S.W.2d at 181. Parties seeking or objecting to discovery are expected to cooperate and make any agreements "reasonably necessary for the efficient *disposition of the case.*" (Emphasis added). Rule 191.2. Although the use of so called "stock" or "boiler plate" discovery initiatives or responses is common practice, these authorities suggest that requests or responses should be custom tailored to the specific case, otherwise the interest of judicial economy will not be served and the objective that discovery be conducted on a case by case basis will be thwarted.

### Overbroad Requests

 Real party's requests (b), (g), (*l*), (m), (o), and (u) sought production of various documents or records without any limitation as to time. Relator objected to these requests with conclusions that they were overbroad and lacked specificity without any explanation of the reasons or argument. In *Texaco, Inc. v. Sanderson*, 898 S.W.2d 813, 815 (Tex.1995), the Court held that a request for records "without limitation as to time, place or subject matter, is overbroad." [4] Here, these requests for production (b), (g), (*l*), (m), (o), and (u) are overbroad "on their face" according to the Court in *Texaco*.[5]

### Work Product

 In addition to the objection that the requests are overbroad, relator objected to requests (j), (v), and (w) on the grounds of work product privilege, but re-

---

4. The term *overly broad* as used in *Axelson, Inc. v. McIlhany*, 798 S.W.2d 550, 553 (Tex. 1990), and the term *over broad* as used in *Texaco* is not defined in the opinions or the discovery rules, however it appears that it would be good practice to state the reasons supporting an objection that the request is overbroad as to (1) time, (2) place, or (3) subject matter.

5. Because the objections that the requests were overbroad should have been sustained, we need not address the objection as to specificity.

822

spondent overruled the objections. Assertion of a privilege is not a ground for a motion for protective order or an objection. *See* Rule 192.6(a). Instead a party desiring to assert a privilege must proceed as set out in Rules 193.3 and 193.4. Because the question of work product privilege was not before the respondent, those objections remain subject to presentation if relator elects to proceed according to Rules 193.3 and 193.4. Relator's second issue is sustained, except as to request (x), which was limited as to time.

▮ Accordingly, the writ of mandamus is conditionally granted in part and denied in part. Although we have jurisdiction to direct the trial court to proceed to make an effort to impose reasonable discovery limits, we may not tell the court what limits it should enter. *In re Martinez Ramirez*, 994 S.W.2d 682, 684 (Tex. App.-San Antonio 1998, no pet.). The trial court is directed to consider and determine, in the exercise of its discretion, the need for reasonable discovery limits as to requests (b), (g), (*l*), (m), (*o*), and (u); otherwise the writ is denied. The writ will issue only if the trial court fails to comply with these instructions.