NO. 07-08-0380-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 31, 2008

______________________________


In re AMANDA SOTO, Individually and as Next Friend of
RAYVEN SOTO, SOYLA REYNA, and VICTOR SOTO, 

                                                                                                 Relator

_________________________________

Opinion on Original Proceeding for Writ of Mandamus
_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
          Pending before the court is a petition for writ of mandamus filed by Amanda Soto,
individually and as next friend of Rayven Soto, Soyla Reyna, and Victor Soto. Through the
petition, the Sotos ask us to order the Honorable Ruben G. Reyes, 72nd Judicial District,
“to revoke his Order Compelling Medical Authorization.” We deny the petition.
          Background
          The dispute arises from an automobile accident involving the Sotos and Joyce
Edwards. The Sotos sued Edwards. Amanda, Rayven, and Soyla alleged that they
suffered “personal injuries” and sought recovery for medical expenses, pain, mental
anguish, physical impairment, lost earning capacity, and disfigurement. Victor simply
sought recovery for damages related to his vehicle and his inability to use it. Edwards
joined issue and alleged, among other things, that each plaintiff’s “medical damages . . .
were proximately caused by [their] prior or subsequent medical conditions . . . unrelated
to the subject accident.” Moreover, a request for disclosure was served upon each plaintiff
by Edwards. In it, she sought various things including “[a]n executed copy of the attached
authorization permitting the disclosure of Plaintiff’s medical records and bills.”


 It is this
particular request that is at issue here. 
          In their written response to the request, Amanda, individually and on behalf of
Rayven and Soyla, changed the wording of the request to mirror the language appearing
in Texas Rule of Civil Procedure 194.2(j). That rule permits a party to request disclosure
of: 
in a suit alleging physical or mental injury and damages from the occurrence 
that is the subject of the case, all medical records and bills that are
reasonably related to the injuries or damages asserted or, in lieu thereof, an
authorization permitting the disclosure of such medical records and bills.

This was followed by their statement that “[a]ll medical records and bills that are reasonably
related to the injuries or damages will be filed by affidavit and copies will be furnished to
Defendant’s attorney of record.” In Victor’s reply, the wording of the request was also
changed which wording was then followed by the words “[n]ot applicable.” Additionally,
none of the plaintiffs executed the authorization. This led Edwards to move for an order
compelling the Sotos to sign the document. A hearing was held on the motion, after which
the trial court ordered “Plaintiffs [to] execute medical authorizations permitting defense
counsel to obtain medical records from and after June 1, 2004.”



 
          Discussion
          The Sotos contend that the trial court abused its discretion in entering the order
alluded to. This was allegedly so because the relief exceeded the scope of Rule 194.2(j),
the time period encompassed by the authorization was overly broad, and it violated the
patient physician privilege. We reject each argument.
          Regarding the scope of Rule 194.2(j), the Sotos believe that the rule grants them
leave to provide either the medical records or an authorization in response to the request. 
The option purportedly does not belong to the party requesting the information (i.e.
Edwards here). They are mistaken, and in so holding, we turn to our opinion in In re
Shipmon, 68 S.W.3d 815 (Tex. App.–Amarillo 2001, orig. proceeding). There we wrote
that under the “new rules [of civil procedure] a party may obtain discovery of medical
records of another party or obtain an authorization from another party by request for
disclosure.” Id. at 820. Moreover, this was said in response to the contention that one
cannot be forced to create and execute a medical authorization. Given our prior
interpretation of Rule 194.2(j) in Shipmon, we cannot but conclude here that the option
belongs to the party requesting disclosure, not the one responding to it. If a legitimate
authorization is sought, then the respondent cannot unilaterally comply with the request by
simply delivering selected medical records.
          Next, none of the responses propounded by the Sotos included objections or claims
of privilege. This is troublesome because the rules of civil procedure mandate a time in
and manner by which objections and claims of privilege relating to discovery must be
raised. See Tex. R. Civ. P. 193.2(a) (stating that a party must object to written discovery
in writing within the time for response and specify the legal and factual basis for the
objection); Tex. R. Civ. P. 193.3(a) (stating that the party claiming a privilege may withhold
the information but must, in the response or by separate document, 1) state that the
information is being withheld, 2) identify the request at issue, and 3) disclose the privilege
being asserted). Failing to comply with these procedures may lead to waiver of the
objection, Tex. R. Civ. P. 193.2(e) (stating that the objection is waived if the procedure is
not followed unless the court excuses the waiver for good cause), or of the privilege. In re
Anderson, 163 S.W.3d 136, 142 (Tex. App.–San Antonio 2005, orig. proceeding). 
Because the Sotos complied with neither rule in raising their objections to or alleged
privileges against responding, we cannot say that the trial court abused its discretion in
entering the order it did. See Payton v. Ashton, 29 S.W.3d 896, 899 n.3 (Tex.
App.–Amarillo 2000, no pet.) (holding that under the standard of abused discretion, the trial
court’s decision can be affirmed on grounds unmentioned by the trial court or litigants).



          Accordingly, we deny the petition for mandamus.
 
                                                                           Brian Quinn
                                                                          Chief Justice