**In re Rexford K. ANDERSON, Jr., M.D. et al.**

**No. 11–98–00055–CV.**

Court of Appeals of Texas, Eastland.

July 9, 1998.

Robert B. Wagstaff, Batjer & Wagstaff, Abilene, for appellant.

John Bush, Mark Doyle, Bush, Hauder &Adkerson, Akard, for appelle.

Before ARNOT, C.J., and DICKENSON and WRIGHT, JJ.

OPINION

WRIGHT, Justice.

This is an original proceeding in mandamus. We are called upon to determine whether the trial court abused its discretion when it ordered that certain information was subject to discovery. We will conditionally grant the writ of mandamus.

Jane Doe, as next friend of Janet Doe, a minor, (the real party in interest) brought

suit against Rexford K. Anderson, Jr., M.D., his clinic, and William Gene Prather (relators) alleging, among other things, that Prather, a technician for Dr. Anderson, sexually assaulted Janet Doe. It is alleged that the assault occurred during an EEG examination being conducted upon Janet Doe by Prather. The examination was conducted in Dr. Anderson's clinic.

The real party in interest sought to discover the identity of persons with knowledge of relevant facts, including persons who had made a complaint against Dr. Anderson, his clinic, or Prather. The relators responded that such matters come within the physician/patient privilege, and they refused to disclose the information (but did make certain disclosures to the trial court *in camera*). The trial court ordered:

> [T]hat Defendants identify (name, address and telephone number) and provide the location of those persons with knowledge of relevant facts, including but not limited to, those persons who have made a complaint against one or more of the Defendants.

That same order contained paragraphs which would have ordered that relators furnish the real party in interest copies of all documents tendered to the court *in camera* as well as other documents "concerning those persons who have made complaints against one or more of the Defendants." The trial court removed those provisions from the proposed order. The real party in interest, by cross-point, claims that the trial court erred in removing those provisions from the order and maintains that it should have ordered the production as requested. The real party in interest also claims that the trial court should not have considered affidavits filed by Dr. Anderson and his attorney because the affidavits were untimely, did not unqualifiedly represent the facts alleged therein to be true, and did not contain a proper jurat.

██ Generally, privileged matters are not discoverable. *West v. Solito*, 563 S.W.2d 240 (Tex.1978). If a trial court errs in ordering that privileged material must be disclosed, there is no adequate remedy at law; consequently, mandamus is the proper remedy. *Dillard Department Stores, Inc. v. Hall*, 909 S.W.2d 491 (Tex.1995); *Walker v. Packer*, 827 S.W.2d 833 (Tex.1992). The correct standard of review is whether the trial court clearly abused its discretion. *Walker v. Packer, supra.*

TEX.R.CIV.EVID. 509(b)(2) provides:

> Records of the identity, diagnosis, evaluation, or treatment of a patient by a physician that are created or maintained by a physician are confidential and privileged and may not be disclosed. (Emphasis added)

██ A record of the identity of a patient is privileged. That is precisely the information which the real party in interest seeks to discover. We are aware that Rule 509(b)(2) is an evidentiary rule. We are also aware that information which might not be admissible is nevertheless discoverable if the information sought appears reasonably calculated to lead to the discovery of admissible evidence. *Barnes v. Whittington*, 751 S.W.2d 493 (Tex.1988); *Jampole v. Touchy*, 673 S.W.2d 569 (Tex.1984). However, TEX. R.CIV.P. 166b(3) provides that certain matters are exempted and protected from disclosure ("may not be disclosed") by virtue of privilege. Although the physician/patient privilege is not specifically listed, Subsection (e) of Rule 166b(3) provides for an exemption of "[a]ny matter protected from disclosure by any other privilege." That rule also provides:

> Nothing in this paragraph 3 shall be construed to render non-discoverable the identity and location of ... any person having knowledge of relevant facts.

The real party in interest relies upon *Giffin v. Smith*, 688 S.W.2d 112 (Tex.1985). Giffin had sued several defendants, alleging slander and breach of an employment contract. Giffin sought to discover certain information from one of the defendant's general counsel. General counsel refused to answer, asserting attorney/client privilege and investigative privilege. Both of those privileges are recognized by Rule 166b(3). The court in *Giffin* stated:

> The plain language of Rule 166b thus makes it clear that information concerning the identity and location of persons having

knowledge of relevant facts can never be protected from discovery.

*Giffin* did not involve the physician/patient privilege. Unlike other privileges which protect only communications or reports, the physician/patient privilege by its express terms goes beyond that and also protects identities. The privileges urged in *Giffin* did not provide specific protection against disclosure of identity. Here, the plain terms of the privilege do prohibit disclosure of identity. If disclosure were required, the privilege would be meaningless to the patient who holds a legitimate interest in it. See *Jampole v. Touchy, supra* at 573. "Even in the interest of broad discovery directed at seeking the truth, no privilege should be totally ignored." *Mutter v. Wood,* 744 S.W.2d 600, 601 (Tex. 1988). We hold that the information sought by the real party in interest is privileged and not subject to discovery.

 The real party in interest asserts that relators have waived the privilege by failing to properly and timely object. We hold that the physician/patient privilege does not belong to the relators but, rather, to any patients whose identity might be disclosed in response to the discovery. Therefore, because the privilege was not theirs, relators did not have the authority and were not in a position to waive it.[1]

The real party in interest also claims, by cross-point, that the trial court erred when it considered the affidavits of Dr. Anderson and his attorney. We do not know whether the trial court considered the affidavits. However, the affidavits are not determinative because it is apparent from the nature of the discovery requests that privileged information is being sought. In *State v. Lowry,* 802 S.W.2d 669 (Tex.1991), the court stated that the burden was on the party claiming the privilege to provide evidence to the trial court, either through affidavits or testimony, that the matters sought through discovery were privileged. However, the court went on to acknowledge that there are certain circumstances in which the discovery objects, standing alone, constitute sufficient proof of the privilege. We believe that to be the case

here. One can look at the subject matter of the discovery sought, even in the absence of any other evidence, and discern that the identity of patients is sought; that information was created and maintained by a physician and remains confidential, privileged, and exempted from discovery. In view of our holding that the matters sought are privileged, we need not discuss relators' complaints that the requests are impermissibly broad.

We hold that a writ of mandamus will issue in the event that the trial court does not withdraw its order compelling relators to disclose information protected by the physician/patient privilege.

---

1. We note that this is not a case wherein a party seeks to assert its own privilege. Here, the privilege is asserted on behalf of those totally unconnected to the lawsuit.