**In re Kenneth HIGGINS, DDS;
Permian Basin Dental Group,
P.A.; and Michelle Anderson.**

No. 11–07–00312–CV.

Court of Appeals of Texas,
Eastland.

Dec. 20, 2007.

Tryon D. Lewis, Atkins, Peacock & Lewis, L.L.P., Odessa, for Relator.

Holly B. Williams, Williams Law Firm, P.C., Midland, for real party in interest.

Panel consists of WRIGHT, C.J., McCALL, J., and STRANGE, J.

## OPINION

JIM R. WRIGHT, Chief Justice.

Kenneth Higgins, DDS; Permian Basin Dental Group, PA; and Michelle Anderson seek a writ of mandamus directing the trial court to vacate its September 4, 2007 order regarding production of patient information and denying in part their motion for protective order. Relators' petition is conditionally granted.

The underlying suit is Odessa Music City Mall FDC, P.A. and Midland Mall FDC, P.A. vs. Kenneth Higgins, DDS; Permian Basin Dental Group, P.A.; and Michelle Anderson, Trial Court Cause No. CV45374 pending in the 238th District Court. Higgins and Anderson are former employees of plaintiffs and are now employed by Permian Basin. Plaintiffs have alleged that Higgins and Anderson "had access to confidential and proprietary information, including but not limited to patient lists." Plaintiffs contend in their suit that Higgins and Anderson used this information resulting in monetary damages to plaintiffs.

On September 4, 2007, the trial court signed an amended order allowing the discovery of the names, contact information, and dental records of twenty-eight people who had possibly been treated by both plaintiffs in the underlying suit and the relators in this mandamus action. In their petition, relators contend that this information is privileged and that the trial court has abused its discretion. We agree.

■ In the case of *In re Anderson,* 973 S.W.2d 410 (Tex.App.-Eastland 1998, orig. proceeding), this court held that similar information from a physician's practice was protected from discovery. Relators argue that *Anderson* is controlling. Plaintiffs contend that the dentist-patient privi-

lege does not prevent discovery of this information and that, therefore, *Anderson* is not controlling. Plaintiffs also contend that the information is subject to a patient-litigant exception.

■ TEX. OCC.CODE ANN. §§ 258.101–.108 (Vernon 2004) establish the dentist-patient privilege. A plain reading of these provisions reflects that the very sort of information plaintiffs seek is protected. Similar to the applicable law in *Anderson,* the dentist-patient privilege is held by the patient and cannot be waived by others. Section 258.103. We find that the information sought in the present situation is protected.

As stated in *Anderson,* mandamus is the appropriate remedy where protected material is ordered discoverable and there is no adequate remedy at law. *Anderson,* 973 S.W.2d at 411. Therefore, we conditionally grant the petition for writ of mandamus.

In the event that the trial court does not vacate within twenty days its September 4, 2007 amended order denying in part the relators' motion for protective order and directing the production of the information pertaining to the twenty-eight patients, then a writ of mandamus will issue.