Opinion filed December 20, 2007











 
 
  
 
 







 
 
  
 
 




Opinion filed December 20,
2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-07-00312-CV

                                                    __________

 

        IN
RE KENNETH HIGGINS, DDS; PERMIAN BASIN DENTAL GROUP, P.A.;

   AND MICHELLE ANDERSON

 



 

                                                Original
Mandamus Proceeding

 



 

                                                                   O
P I N I O N

            Kenneth Higgins, DDS; Permian
Basin Dental Group, PA; and Michelle Anderson seek a writ of mandamus directing
the trial court to vacate its September 4, 2007 order regarding production of
patient information and denying in part their motion for protective order. 
Relators= petition is
conditionally granted.

The
underlying suit is Odessa Music City Mall FDC, P.A. and Midland Mall FDC, P.A.
vs. Kenneth Higgins, DDS; Permian Basin Dental Group, P.A.; and Michelle
Anderson, Trial Court Cause No. CV45374 pending in the 238th District Court. 
Higgins and Anderson are former employees of plaintiffs and are now employed by
Permian Basin.   Plaintiffs have alleged that Higgins and Anderson Ahad access to confidential
and proprietary information, including but not limited to patient lists.@  Plaintiffs contend in
their suit that Higgins and Anderson used this information resulting in
monetary damages to plaintiffs. 








On
September 4, 2007, the trial court signed an amended order allowing the
discovery of the names, contact information, and dental records of twenty-eight
people who had possibly been treated by both plaintiffs in the underlying suit
and the relators in this mandamus action.  In their petition, relators contend
that this information is privileged and that the trial court has abused its
discretion.  We agree.

In
the case of In re Anderson, 973 S.W.2d 410 (Tex. App.CEastland 1998, orig.
proceeding), this court held that similar information from a physician=s practice was protected
from discovery.  Relators argue that Anderson is controlling. 
Plaintiffs contend that the dentist-patient privilege does not prevent
discovery of this information and that, therefore, Anderson is not
controlling.  Plaintiffs also contend that the information is subject to a
patient-litigant exception.

Tex. Occ. Code  Ann. '' 258.101-.108 (Vernon 2004) establish
the dentist-patient privilege.  A plain reading of these provisions reflects
that the very sort of information plaintiffs seek is protected.  Similar to the
applicable law in Anderson, the dentist-patient privilege is held by the
patient and cannot be waived by others.  Section 258.103.  We find that the
information sought in the present situation is protected.

As
stated in Anderson, mandamus is the appropriate remedy where protected
material is ordered discoverable and there is no adequate remedy at law.  Anderson,
973 S.W.2d at 411.  Therefore, we conditionally grant the petition for writ of
mandamus.

In
the event that the trial court does not vacate within twenty days its September
4, 2007 amended order denying in part the relators= motion for protective order and directing the
production of the information pertaining to the twenty-eight patients, then a
writ of mandamus will issue.

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

December 20, 2007

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.