

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-233-CV

IN RE KRISTA DANCER                                          RELATOR

PENNINGTON

------------

ORIGINAL PROCEEDING

------------

## MEMORANDUM OPINION[1]

------------

This is an original proceeding arising from a discovery dispute in a personal injury case involving a car accident. Relator Krista Dancer Pennington seeks relief from the trial court's order requiring her to (1) sign a blanket medical release that encompasses any records relating to her mental health history and (2) supplement discovery to provide real parties in interest, Bobby McBride and Zachry Construction Corp., with the names of her mental health

---

[1] *See* TEX. R. APP. P. 47.4.

care providers since November 1996. We conditionally grant the writ, as set forth below.

**Background**

Pennington and McBride were involved in a traffic accident in November 2006. According to Pennington, McBride's vehicle struck Pennington's from behind just as she had stopped at a red light. Pennington sued McBride and his employer, Zachry, in 2008, requesting property and personal injury damages, including damages for past and future emotional distress and mental anguish. During discovery, Pennington refused to sign a blanket medical release and refused to provide the names of her mental health care providers, asserting that this information is privileged. But she did provide McBride and Zachry with the names of all of her other medical providers during the preceding ten years. She also provided medical records pertaining to the personal injuries she was claiming she sustained as a result of the accident. Those records indicate that Pennington was taking antidepressant and antianxiety medication at the time of the accident.

McBride and Zachry filed a motion to compel asking the trial court to order Pennington to, among other things, sign the blanket release and provide the names of her mental health care providers. They also filed a First Amended Answer, in which they alleged that "[a]ll injuries, damages and/or liabilities

2

complained of by [Pennington] herein are the result, in whole or in part, of pre-existing mental, emotional, and/or physical conditions and disabilities, and are not the result of any acts or omissions on the part of" McBride and Zachry. Pennington responded to the motion, claiming that she was not required to sign the medical release because she had tendered all the medical records related to her injuries in lieu of signing a release under rule 194.2(j) of the rules of civil procedure. TEX. R. CIV. P. 194.2(j) (providing that in suit alleging physical or mental injury and damages for same, opponent may request "all medical records and bills that are reasonably related to the injuries or damages asserted or, *in lieu thereof*, an authorization permitting the disclosure of such medical records and bills" (emphasis added)); *In re Shipmon*, 68 S.W.3d 815, 820 (Tex. App.—Amarillo 2001, orig. proceeding [mand. denied]) (interpreting rule 194.2(j) as authorizing party to obtain discovery of medical records through request for disclosure *or* by obtaining records through obtaining opposing party's authorization for disclosure).

The trial court held a hearing on McBride and Zachry's motion on April 23, 2008. On May 9, 2008, McBride and Zachry filed a Second Amended Answer, in which they alleged the following:

> All injuries, damages and/or liabilities complained of by [Pennington] herein are the result, in whole or in part, of pre-existing mental, emotional and/or physical conditions and disabilities, and are not

3

the result of any acts or omissions on the part of [McBride and Zachry]. Such conditions and disabilities specifically include but are in [no] way limited to [Pennington's] . . . depression, [and] anxiety . . . and/or resulting from each and every one of the foregoing. Such conditions and disabilities also include but again are in no way limited to any and all . . . emotional and/or mental consequences of [Pennington's] 1998 low back injury, [Pennington's] 1999 motor vehicle collision, [Pennington's] numerous surgical treatments, and/or [Pennington's] marital, criminal and employment history over the ten years preceding the incident in question, as well as any and all conditions or disabilities treated or in any way caused by [Pennington's] use of Lithium, Xanax, Wellbutrin, Trazadone . . . .

The trial court signed an order on May 27, 2008, requiring Pennington to (1) respond to Request for Production Number 22, which asked her to sign "the attached Authorization for Release of Medical Records," specifically including mental health records, (2) "provide[,] execute[,] and return to . . . McBride a standard HIPAA form for release of any and all medical and/or psychological records including all notes, reports, records, summaries, films, histories and physicals for purposes of treatment and/or diagnosis, without any limitation as to scope, for the period from November 20, 1996 to present," and (3) amend her response to Interrogatory Number 6, which asked for the names and addresses of all her health care providers since November 1996 and to which she had objected as to mental health care providers.

Pennington subsequently filed this mandamus proceeding seeking relief from the trial court's order to the extent it requires the production of her mental

4

health care records. She also filed a motion asking for a temporary stay of the trial court's order pending this court's review of her mandamus petition, which we granted on June 6, 2008.

**Applicable Law**

Pennington contends that her mental health care records are privileged from production under rules of evidence 509 and 510. Generally, the diagnosis of a patient by a physician and the communications between a patient and physician are privileged. *See* TEX. R. EVID. 509; *Garza v. Garza*, 217 S.W.3d 538, 554 (Tex. App.—San Antonio 2006, no pet.). Likewise, with regard to a person's mental health, the diagnosis of the patient and communications between the patient and a mental health professional are privileged. TEX. R. EVID. 510; *Garza*, 217 S.W.3d at 554. However, these privileges are not absolute. *See* TEX. R. EVID. 509(e), 510(d); *Garza*, 217 S.W.3d at 554. An exception to both privileges applies "to a communication or record relevant to an issue of the physical, mental or emotional condition of a patient in any proceeding in which any party relies upon the condition as a part of the party's claim or defense." TEX. R. EVID. 509(e)(4), 510(d)(5); *R.K. v. Ramirez*, 887 S.W.2d 836, 843 (Tex. 1994).

> As a general rule, a mental condition will be a 'part' of a claim or defense if the pleadings indicate that the jury must make a factual determination concerning the condition itself. In other words,

5

> information communicated to a doctor or psychotherapist may be relevant to the merits of an action, but in order to fall within the litigation exception to the privilege, the condition itself must be of legal consequence to a party's claim or defense.

*Ramirez*, 887 S.W.2d at 843; *In re Toyota Motor Corp*., 191 S.W.3d 498, 502 (Tex. App.—Waco 2006, orig. proceeding [mand. denied]). Medical records should not be subject to discovery if the patient's condition is merely an evidentiary or intermediate issue of fact, rather than an ultimate issue of a claim or defense, or if the condition is merely tangential to a claim or defense rather than central to it. *Ramirez*, 887 S.W.2d at 842; *In re Nance*, 143 S.W.3d 506, 511–12 (Tex. App.—Austin 2004, orig. proceeding). A claim for mental anguish or emotional distress will not, standing alone, make a plaintiff's mental or emotional condition a part of the plaintiff's claim. *See Coates v. Whittington*, 758 S.W.2d 749, 751–52 (Tex. 1988) (orig. proceeding); *In re Nance*, 143 S.W.3d at 512. "[O]nly if the patient's condition itself is a fact that carries legal significance and only to the extent necessary to satisfy the discovery needs of the requesting party" will discovery be allowed. *Ramirez*, 887 S.W.2d at 843.

The trial court should determine whether a condition is a part of a claim or defense on the face of the pleadings, without reference to the evidence that is allegedly privileged. *Id*. at 843 n.7; *In re Doe*, 22 S.W.3d 601, 609 (Tex.

6

App.—Austin 2000, orig. proceeding). Once the trial court concludes that a party's mental condition is a part of a claim or defense, and thus subject to the exception to privilege, upon request, it must conduct an in camera inspection of the documents to be produced to ensure that only information fitting the narrow exception to the privilege is produced. *Ramirez*, 887 S.W.2d at 843; *In re Nance*, 143 S.W.3d at 510.

Generally, privileged matters are not discoverable. *In re Fort Worth Children's Hosp*., 100 S.W.3d 582, 587 (Tex. App.—Fort Worth 2003, orig. proceeding [mand. denied]); *In re Anderson*, 973 S.W.2d 410, 411 (Tex. App.—Eastland 1998, orig. proceeding). A discovery order is improper if it compromises a person's right to possible claims of privilege or mandates the disclosure of privileged information that exceeds the scope of discovery. *In re Fort Worth Children's Hosp*., 100 S.W.3d at 587; *In re Dolezal*, 970 S.W.2d 650, 651 (Tex. App.—Corpus Christi 1998, orig. proceeding). Mandamus is the appropriate remedy when the trial court has erroneously granted discovery of privileged documents. *In re Fort Worth Children's Hosp*., 100 S.W.3d at 587; *In re Anderson*, 973 S.W.2d at 411. Remedy by appeal in that case is ineffective because, once revealed, the documents cannot be protected. *In re Fort Worth Children's Hosp*., 100 S.W.3d at 587; *In re Dolezal*, 970 S.W.2d at 651. The party asserting a privilege has the burden to prove its application.

*Jordan v. Court of Appeals for Fourth Supreme Dist.*, 701 S.W.2d 644, 648–49 (Tex. 1985) (orig. proceeding); *In re Hinterlong*, 109 S.W.3d 611, 621 (Tex. App.—Fort Worth 2003, orig. proceeding [mand. denied]).

**Analysis**

Here, Pennington informed the trial court in her response to McBride and Zachry's motion to compel of the specific evidentiary rules upon which she was relying for her claim of privilege. Initially, McBride and Zachry contended that the records were relevant to Pennington's claims "by the very nature of her claims for medical costs, physical pain and suffering, mental anguish and emotional distress." However, after filing their First and Second Amended Answers, McBride and Zachry relied upon their allegation of "pre-existing injuries and conditions" to support their claim that the records are not privileged.

The fact that a plaintiff has had past mental problems is distinct from the mental anguish associated with a personal injury or loss; a tortfeasor takes a plaintiff as he finds her. *In re Nance*, 143 S.W.3d at 512; *In re Doe*, 22 S.W.3d at 606. Defensive claims that a plaintiff's damages and injuries were caused by pre-existing conditions do not involve the resolution of ultimate issues of fact that have legal significance standing alone. *In re Nance*, 143 S.W.3d at 512. Instead, these types of defensive assertions are in the nature

8

of inferential rebuttal claims and, thus, are not sufficient to put a plaintiff's mental condition at issue so as to make medical records about that condition discoverable. *Id*. at 512–13; *see* TEX. R. CIV. P. 277; *see also In re Doe*, 22 S.W.3d at 610 (rejecting defense's contention that without rape victim's mental health records, jury would be left with impression that victim was in perfect emotional health before incident and would seek to blame defendant for all of her emotional troubles). Accordingly, we conclude and hold that—at this stage of discovery and based on the state of the pleadings at this time[2]—the trial court abused its discretion by ordering Pennington to sign an authorization for release of her mental health care records and the names and addresses of her mental health care providers. *See Ramirez*, 887 S.W.2d at 842–43; *In re Nance*, 143 S.W.3d at 512.

McBride and Zachry point out that Pennington failed to request an in camera inspection of the documents to which she objected producing. However, we have already determined from the face of the pleadings that the exception does not apply; thus, an in camera review would have been unnecessary. Additionally, there is no indication that Pennington was in

---

[2] The facts alleged in the current pleadings do not rise to the level of "legal significance" required by *Ramirez*. *See Doe*, 22 S.W.3d at 610 ("As discovery continues in the case, an in camera inspection may be appropriate to determine whether some mental health records should be released.").

possession of these documents; the trial court ordered her to sign an authorization allowing McBride and Zachry to obtain these documents. And the information she was required to produce directly—the names and addresses of her mental health care providers—would not have assisted the trial court in determining whether all or only part of the records are within the exception to the privilege.

**Conclusion**

Because we have determined that the trial court abused its discretion by ordering Pennington to sign an authorization for release of her mental health care records and the names and addresses of her mental health care providers, we conditionally grant a writ of mandamus ordering the trial court to vacate the parts of its May 27, 2008 order (1) compelling relator to amend her response's to McBride's First Request for Production No. 22 and First Interrogatory No. 6 with information regarding her mental health care providers and (2) compelling relator to "provide[,] execute[,] and return" to McBride and Zachry a standard HIPAA form for release of her medical and psychological records since November 20, 1996 to the extent that such a standard form release would allow McBride and Zachry to obtain any records relating to relator's mental health during that time. The temporary stay issued by this court on June 6, 2008 will remain in effect only as to the parts of the trial court's May 27, 2008

10

order compelling relator to produce information regarding, or sign a release as to, her mental health care records and providers until the trial court complies with this court's ruling, at which time it will automatically terminate.  The stay is lifted as to the remainder of the order.

TERRIE LIVINGSTON
JUSTICE

PANEL B:    LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DELIVERED: July 16, 2008

11