COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-08-233-CV

 

IN RE KRISTA DANCER                                                            RELATOR

 

PENNINGTON

 

                                              ------------

 

                                    ORIGINAL PROCEEDING

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








This is an original proceeding arising from a
discovery dispute in a personal injury case involving a car accident.  Relator Krista Dancer Pennington seeks relief
from the trial court=s order requiring her to (1)
sign a blanket medical release that encompasses any records relating to her
mental health history and (2) supplement discovery to provide real parties in
interest, Bobby McBride and Zachry Construction Corp., with the names of her
mental health care providers since November 1996.  We conditionally grant the writ, as set forth
below.

                                            Background

Pennington and McBride were involved in a traffic
accident in November 2006.  According to
Pennington, McBride=s vehicle struck Pennington=s from
behind just as she had stopped at a red light. 
Pennington sued McBride and his employer, Zachry, in 2008, requesting
property and personal injury damages, including damages for past and future
emotional distress and mental anguish. 
During discovery, Pennington refused to sign a blanket medical release
and refused to provide the names of her mental health care providers, asserting
that this information is privileged.  But
she did provide McBride and Zachry with the names of all of her other medical
providers during the preceding ten years. 
She also provided medical records pertaining to the personal injuries
she was claiming she sustained as a result of the accident.  Those records indicate that Pennington was
taking antidepressant and antianxiety medication at the time of the accident.








McBride and Zachry filed a motion to compel
asking the trial court to order Pennington to, among other things, sign the blanket
release and provide the names of her mental health care providers.  They also filed a First Amended Answer, in
which they alleged that A[a]ll injuries, damages and/or
liabilities complained of by [Pennington] herein are the result, in whole or in
part, of pre-existing mental, emotional, and/or physical conditions and
disabilities, and are not the result of any acts or omissions on the part of@ McBride
and Zachry.  Pennington responded to the
motion, claiming that she was not required to sign the medical release because
she had tendered all the medical records related to her injuries in lieu of
signing a release under rule 194.2(j) of the rules of civil procedure.  TEX. R. CIV. P.
194.2(j) (providing that in suit alleging physical or mental injury and damages
for same, opponent may request Aall
medical records and bills that are reasonably related to the injuries or
damages asserted or, in lieu thereof, an authorization permitting the
disclosure of such medical records and bills@
(emphasis added)); In re Shipmon, 68 S.W.3d 815, 820 (Tex. App.CAmarillo
2001, orig. proceeding [mand. denied]) (interpreting rule 194.2(j) as
authorizing party to obtain discovery of medical records through request for
disclosure or by obtaining records through obtaining opposing party=s
authorization for disclosure).

The trial court held a hearing on McBride and
Zachry=s motion
on April 23, 2008.  On May 9, 2008,
McBride and Zachry filed a Second Amended Answer, in which they alleged the
following:








All injuries, damages and/or liabilities
complained of by [Pennington] herein are the result, in whole or in part, of
pre-existing mental, emotional and/or physical conditions and disabilities, and
are not the result of any acts or omissions on the part of [McBride and
Zachry].  Such conditions and
disabilities specifically include but are in [no] way limited to [Pennington=s] . . .
depression, [and] anxiety . . . and/or resulting from each
and every one of the foregoing.  Such
conditions and disabilities also include but again are in no way limited to any
and all . . . emotional and/or mental consequences of [Pennington=s] 1998
low back injury, [Pennington=s] 1999
motor vehicle collision, [Pennington=s]
numerous surgical treatments, and/or [Pennington=s]
marital, criminal and employment history over the ten years preceding the
incident in question, as well as any and all conditions or disabilities treated
or in any way caused by [Pennington=s] use
of Lithium, Xanax, Wellbutrin, Trazadone . . . .  

The trial court signed an order on May 27, 2008, requiring Pennington
to (1) respond to Request for Production Number 22, which asked her to sign Athe
attached Authorization for Release of Medical Records,@
specifically including mental health records, (2) Aprovide[,]
execute[,] and return to . . . McBride a standard HIPAA form for release of any
and all medical and/or psychological records including all notes, reports,
records, summaries, films, histories and physicals for purposes of treatment
and/or diagnosis, without any limitation as to scope, for the period from
November 20, 1996 to present,@ and (3)
amend her response to Interrogatory Number 6, which asked for the names and
addresses of all her health care providers since November 1996 and to which she
had objected as to mental health care providers.








Pennington subsequently filed this mandamus
proceeding seeking relief from the trial court=s order
to the extent it requires the production of her mental health care
records.  She also filed a motion asking
for a temporary stay of the trial court=s order
pending this court=s review of her mandamus
petition, which we granted on June 6, 2008.

                                          Applicable
Law

Pennington contends that her mental health care
records are privileged from production under rules of evidence 509 and
510.  Generally, the diagnosis of a
patient by a physician and the communications between a patient and physician
are privileged.  See TEX. R. EVID. 509; Garza
v. Garza, 217 S.W.3d 538, 554 (Tex. App.CSan
Antonio 2006, no pet.).  Likewise, with
regard to a person=s mental health, the diagnosis
of the patient and communications between the patient and a mental health
professional are privileged.  TEX. R. EVID. 510; Garza,
217 S.W.3d at 554.  However, these
privileges are not absolute.  See
TEX. R. EVID. 509(e), 510(d); Garza,
217 S.W.3d at 554.  An exception to both
privileges applies Ato a communication or record
relevant to an issue of the physical, mental or emotional condition of a
patient in any proceeding in which any party relies upon the condition as a
part of the party=s claim or defense.@  TEX. R. EVID.
509(e)(4), 510(d)(5); R.K. v. Ramirez, 887 S.W.2d 836, 843 (Tex. 1994).








As a general rule, a
mental condition will be a >part= of a claim or defense if the pleadings indicate
that the jury must make a factual determination concerning the condition
itself.  In other words, information
communicated to a doctor or psychotherapist may be relevant to the merits of an
action, but in order to fall within the litigation exception to the privilege,
the condition itself must be of legal consequence to a party=s claim or defense.

  

Ramirez, 887 S.W.2d at 843; In re Toyota Motor Corp.,
191 S.W.3d 498, 502 (Tex. App.CWaco
2006, orig. proceeding [mand. denied]). 
Medical records should not be subject to discovery if the patient=s
condition is merely an evidentiary or intermediate issue of fact, rather than
an ultimate issue of a claim or defense, or if the condition is merely
tangential to a claim or defense rather than central to it.  Ramirez, 887 S.W.2d at 842; In re
Nance, 143 S.W.3d 506, 511B12 (Tex.
App.CAustin
2004, orig. proceeding).  A claim for
mental anguish or emotional distress will not, standing alone, make a plaintiff=s mental
or emotional condition a part of the plaintiff=s
claim.  See Coates v. Whittington,
758 S.W.2d 749, 751B52 (Tex. 1988) (orig.
proceeding); In re Nance, 143 S.W.3d at 512.  A[O]nly
if the patient=s condition itself is a fact
that carries legal significance and only to the extent necessary to satisfy the
discovery needs of the requesting party@ will
discovery be allowed.  Ramirez,
887 S.W.2d at 843.








The trial court should determine whether a
condition is a part of a claim or defense on the face of the pleadings, without
reference to the evidence that is allegedly privileged.  Id. at 843 n.7; In re Doe, 22
S.W.3d 601, 609 (Tex. App.CAustin
2000, orig. proceeding).  Once the trial
court concludes that a party=s mental
condition is a part of a claim or defense, and thus subject to the exception to
privilege, upon request, it must conduct an in camera inspection of the
documents to be produced to ensure that only information fitting the narrow
exception to the privilege is produced.  Ramirez,
887 S.W.2d at 843; In re Nance, 143 S.W.3d at 510.








Generally, privileged matters are not
discoverable.  In re Fort Worth
Children=s Hosp., 100
S.W.3d 582, 587 (Tex. App.CFort
Worth 2003, orig. proceeding [mand. denied]); In re Anderson, 973 S.W.2d
410, 411 (Tex. App.CEastland 1998, orig.
proceeding).  A discovery order is
improper if it compromises a person=s right
to possible claims of privilege or mandates the disclosure of privileged
information that exceeds the scope of discovery.  In re Fort Worth Children=s Hosp., 100
S.W.3d at 587; In re Dolezal, 970 S.W.2d 650, 651 (Tex. App.CCorpus
Christi 1998, orig. proceeding). 
Mandamus is the appropriate remedy when the trial court has erroneously
granted discovery of privileged documents. 
In re Fort Worth Children=s Hosp., 100
S.W.3d at 587; In re Anderson, 973 S.W.2d at 411.   Remedy by appeal in that case is ineffective
because, once revealed, the documents cannot be protected.  In re Fort Worth Children=s Hosp., 100
S.W.3d at 587; In re Dolezal, 970 S.W.2d at 651.  The party asserting a privilege has the
burden to prove its application.  Jordan
v. Court of Appeals for Fourth Supreme Dist., 701 S.W.2d 644, 648B49 (Tex.
1985) (orig. proceeding); In re Hinterlong, 109 S.W.3d 611, 621 (Tex.
App.CFort
Worth 2003, orig. proceeding [mand. denied]).

                                               Analysis

Here, Pennington informed the trial court in her
response to McBride and Zachry=s motion
to compel of the specific evidentiary rules upon which she was relying for her
claim of privilege.  Initially, McBride
and Zachry contended that the records were relevant to Pennington=s claims
Aby the
very nature of her claims for medical costs, physical pain and suffering,
mental anguish and emotional distress.@  However, after filing their First and Second
Amended Answers, McBride and Zachry relied upon their allegation of Apre-existing
injuries and conditions@ to support their claim that the
records are not privileged.








The fact that a plaintiff has had past mental
problems is distinct from the mental anguish associated with a personal injury
or loss; a tortfeasor takes a plaintiff as he finds her.  In re Nance, 143 S.W.3d at 512; In
re Doe, 22 S.W.3d at 606.  Defensive
claims that a plaintiff=s damages and injuries were
caused by pre-existing conditions do not involve the resolution of ultimate
issues of fact that have legal significance standing alone.  In re Nance, 143 S.W.3d at 512.  Instead, these types of defensive assertions
are in the nature of inferential rebuttal claims and, thus, are not sufficient
to put a plaintiff=s mental condition at issue so
as to make medical records about that condition discoverable.  Id. at 512B13; see
TEX. R. CIV. P. 277; see also In re Doe,
22 S.W.3d at 610 (rejecting defense=s
contention that without rape victim=s mental
health records, jury would be left with impression that victim was in perfect
emotional health before incident and would seek to blame defendant for all of
her emotional troubles).  Accordingly, we
conclude and hold thatCat this stage of discovery and
based on the state of the pleadings at this time[2]Cthe
trial court abused its discretion by ordering Pennington to sign an
authorization for release of her mental health care records and the names and
addresses of her mental health care providers. 
See Ramirez, 887 S.W.2d at 842B43; In
re Nance, 143 S.W.3d at 512.








McBride and Zachry point out that Pennington
failed to request an in camera inspection of the documents to which she
objected producing.  However, we have
already determined from the face of the pleadings that the exception does not
apply; thus, an in camera review would have been unnecessary.  Additionally, there is no indication that
Pennington was in possession of these documents; the trial court ordered her to
sign an authorization allowing McBride and Zachry to obtain these
documents.  And the information she was
required to produce directlyCthe
names and addresses of her mental health care providersCwould
not have assisted the trial court in determining whether all or only part of
the records are within the exception to the privilege.

                                             Conclusion








Because we have determined that the trial court
abused its discretion by ordering Pennington to sign an authorization for
release of her mental health care records and the names and addresses of her
mental health care providers, we conditionally grant a writ of mandamus
ordering the trial court to vacate the parts of its May 27, 2008 order (1)
compelling relator to amend her response's to McBride's First Request for Production
No. 22 and First Interrogatory No. 6 with information regarding her mental
health care providers and (2) compelling relator to "provide[,] execute[,]
and return" to McBride and Zachry a standard HIPAA form for release of her
medical and psychological records since November 20, 1996 to the extent that
such a standard form release would allow McBride and Zachry to obtain any
records relating to relator's mental health during that time.  The temporary stay issued by this court on
June 6, 2008 will remain in effect only as to the parts of the trial court's
May 27, 2008 order compelling relator to produce information regarding, or sign
a release as to, her mental health care records and providers until the trial
court complies with this court=s
ruling, at which time it will automatically terminate.  The stay is lifted as to the remainder of the
order.  

 

 

TERRIE
LIVINGSTON

JUSTICE

 

PANEL B:   LIVINGSTON, DAUPHINOT,
and HOLMAN, JJ.

DELIVERED: July 16, 2008











[1]See TEX. R. APP. P. 47.4.





[2]The facts alleged in the
current pleadings do not rise to the level of Alegal significance@ required by Ramirez.  See Doe, 22 S.W.3d at 610 (AAs discovery continues in
the case, an in camera inspection may be appropriate to determine whether some
mental health records should be released.@).