**Conditionally granted in part, Denied in part, and Opinion Filed February 12, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00998-CV

### IN RE GITA SRIVASTAVA, Relator

**Original Proceeding from the 470th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 470-05429-2016**

# MEMORANDUM OPINION

Before Justices Lang, Myers, and Boatright
Opinion by Justice Myers

The underlying proceeding relates to the redaction of certain information included in the trial court records and trial transcript of bill of review proceedings relating to divorce and parental termination proceedings. In this original proceeding, relator complains that the trial court refused to redact certain information from the record of those proceedings that relator contends is sensitive data requiring redaction either under Rule 21c of the rules of civil procedure or pursuant to constitutionally-protected privacy interests. Relator seeks a writ of mandamus directing the trial court to redact the information from the trial transcript[1] and documents filed in the trial court. We conditionally grant the writ in part and deny the writ in part.

---

[1] Relator and the trial court use the term "trial transcript" to describe the court reporter's record of testimony and argument at trial, and the term "trial exhibits" to describe the exhibits admitted into evidence at trial. The parties have agreed to seal the trial exhibits, but disagree on what should be redacted from the trial transcript. For consistency and to avoid confusion, we refer to the court reporter's record of testimony and argument at trial as the "trial transcript" rather than as the "reporter's record."

## Background

Relator Gita Srivastava and real party in interest Andrew Greenhut were married in 2007 and, in January 2015, had a child. Srivastava filed for divorce later that year. The trial court ultimately entered an "Agreed Order of Termination of Parent-Child Relationship" that terminated Greenhut's parental rights and entered an "Agreed Final Decree of Divorce." In 2016, Greenhut filed two separate bills of review; one challenged the parental termination order and the other challenged the agreed final divorce decree. Srivastava moved to seal the court records in the bill of review proceedings. And, on April 17, 2017, the trial court granted Srivastava's motion to seal court records. The sealing order states that "all documents bearing" either of the bill of review cause numbers "are sealed" and "may only be released to either party, an attorney for either party, or a staff member of an attorney for either party on that attorney's behalf." The trial court denied the bills of review on June 13, 2017. The trial court then held a hearing on its own motion to unseal the court records in the bill of review proceedings and stated that the court would unseal the bill of review records on August 25, 2017.

In her petition for writ of mandamus, Srivastava complained that the trial court had not given the parties a meaningful opportunity to meet and to reach agreements on what sensitive data should be redacted from the record. Srivastava sought a writ staying the trial court's decision to unseal the records until the parties are given a meaningful opportunity to review the trial transcript and exhibits and request appropriate redactions. We stayed the trial court's decision to unseal the records and requested a response to the petition from Greenhut. The trial court then directed the parties to schedule a conference with the court to review the trial exhibits and filed documents to identify sensitive data requiring redaction. The trial court also directed the parties to schedule a hearing for the court to rule on any contested issues relating to the requested redactions.

The trial court then signed an "Order on Redactions of Sensitive Data." The redaction order states that the parties agreed to seal the trial exhibits and agreed to file a list of trial transcript page and line numbers that contain Rule 21c sensitive data for review by the court "and if any exists, the sensitive data will be protected from release." The trial court also agreed to permit redaction of "full personal identification numbers and full financial account numbers" from the trial transcript "due to privacy concerns," but found that no such information appears in the transcript. The redaction order also includes the trial court's findings regarding Rule 21c and unsealing the court records. Specifically, the trial court found that the family code requires the child's name and date of birth to be included in the court records, Rule 21c "entitles" parties to redact sensitive data in documents filed with the court but does not require redaction of the information from the trial transcript, Rule 76a was not followed with respect to sealing the court records, the child was not a party to or represented by an attorney ad litem in the divorce, termination, or bill of review proceedings, and the "orders herein are in the best interest of the child." The trial court ordered the court reporter to seal the trial exhibits from the bill of review proceedings and to redact an address in the trial transcript that might be the child's home address. The court also ordered the district clerk to seal three specific pleadings and noted that the redacted, substituted versions of pleadings and orders containing sensitive data had been provided to the district clerk.

Srivastava then filed a "Status Report Filed Under Seal" with this Court, complaining that the redaction order did not redact all sensitive data and should be vacated or modified. We treat the status report as an amended petition. In that status report. Srivastava asks for a writ ordering the district court to either redact the remaining sensitive data from the trial transcript and pleadings or order the district court to partially vacate its redaction order to the extent that order unseals the documents containing the sensitive data. Srivastava also asks the Court to order the district court

to partially vacate the redaction order to the extent it unseals documents from the original divorce and termination proceedings that were sealed in those cases by agreement and attached as exhibits to pleadings in the two bills of review. The real party in interest filed a response to Srivastava's "status report filed under seal," and Srivastava filed a reply brief.

## Standard of Review

To be entitled to mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). "Documents once unsealed cannot effectively be resealed after appeal." *Upjohn Co. v. Marshall*, 843 S.W.2d 203, 205 (Tex. App.— Dallas 1992, no writ). There is, thus, no adequate remedy by appeal of an erroneous order requesting a party to produce privileged or protected documents. *In re York Risk Servs. Group, Inc.*, No. 12-17-00210-CV, 2017 WL 5622951, at *2 (Tex. App.—Tyler Nov. 22, 2017, orig. proceeding); *Pittsburgh Corning Corp. v. Caldwell*, 861 S.W.2d 423, 424 (Tex. App.—Houston [14th Dist.] 1993, orig. proceeding) ("Clearly, once privileged information is disclosed, there is no way to retrieve it; therefore, mandamus is an appropriate remedy to prevent the publication of confidential documents."). Mandamus is, therefore, the appropriate remedy where protected material is ordered discoverable. *In re Higgins*, 246 S.W.3d 744, 745 (Tex. App.—Eastland 2007, orig. proceeding) (citing *In re Anderson*, 973 S.W.2d 410, 411 (Tex. App.—Eastland 1998, orig. proceeding)).

## Discussion

Srivastava asserts three general grounds for her complaint that the trial court abused its discretion by denying her requested redactions. First, she argues that the information sought to be redacted but denied is sensitive data that must be redacted pursuant to Rule 21c. Second, she argues that the information should be redacted because the information falls within her and the

child's zone of privacy and there is no legitimate public concern for unsealing such sensitive information. Third, Srivastava maintains that the trial court abused its discretion by lifting the sealing order. We address each argument in turn.

## A.     Redaction under Rule 21c

Sensitive data must be redacted from documents "filed with a court" unless the information is required to be included by a statute, rule, or administrative regulation. TEX. R. CIV. P. 21c(b). Rule 21c(a) defines "sensitive data" as the following:

> (1) a driver's license number, passport number, social security number, tax identification number, or similar government-issued personal identification number;
>
> (2) a bank account number, credit card number, or other financial account number; and
>
> (3) a birth date, home address, and the name of any person who was a minor when the underlying suit was filed.

TEX. R. CIV. P. 21c(a)(1), (2), (3). Srivastava complains that the following information must be redacted from some or all of the trial record pursuant to Rule 21c:

- The child's name in pleadings, depositions, orders, and the trial transcript;

- The child's date of birth in pleadings, depositions, orders, and the trial transcript;

- The name of the child's physician in pleadings and the trial transcript;

- Discussions in the trial transcript of the real party in interest's lists of what Srivastava describes as disturbing sexual and violent fantasies about Srivastava and the child; and

- The real party in interest's lists of the above-mentioned fantasies, which were exhibits to the pleadings in the bills of review.

Neither the name of the child's physician nor the lists or discussions of the real party in interest's fantasies are defined as sensitive data under Rule 21c. As such, we conclude that Rule 21c does not require the trial court to redact the name of the child's physician or the lists or discussion of the real party in interest's fantasies. We deny the petition for writ of mandamus to

–5–

the extent Srivastava seeks a writ ordering the trial court to redact that information pursuant to Rule 21c.

But the child's name and date of birth are considered sensitive data under Rule 21c. The trial court was, therefore, required to redact the child's name and date of birth from documents "filed with a court" unless the information is required to be included by a statute, rule, or administrative regulation. TEX. R. CIV. P. 21c(b). In denying the request for redaction of the child's name and date of birth, the trial court found "that the inclusion of the child's name and date of birth is specifically required by the Texas Family Code." Srivastava avers that this finding is based on the trial court's belief that section 102.008(b)(2) of the family code requires the disclosure of the child's name and birth date in all court filings.

Section 102.008(b)(2) requires the child's name and date of birth to be included in a petition in a suit affecting the parent-child relationship (SAPCR). TEX. FAM. CODE § 102.008(b)(2). Here, Srivastava maintains that the child's name and birth date are included in documents filed in two bills of review and in the trial transcript and those documents do not include a SAPCR petition. Section 102.008 is, thus, inapplicable here, and Rule 21c controls and requires the information be redacted from any documents filed in the trial court in the bill of review proceedings. Because Rule 21c(a)(3) defines the child's name and date of birth as "sensitive data" and Rule 21c(b) requires that all such sensitive data must be redacted from documents filed in the trial court, the trial court abused its discretion by denying the request to redact the child's name and date of birth from documents filed in the trial court. Accordingly, we conditionally grant the petition for writ of mandamus as to Srivastava's request that the child's name and date of birth be redacted from documents that were filed in the trial court in the bill of review proceedings.

The answer is less clear regarding whether the child's name and date of birth must be redacted from the trial transcript pursuant to Rule 21c(b) because it is unclear whether the trial

transcript has been filed with the trial court. Rule 21c(b) speaks specifically to "the filing" of documents containing sensitive data and applies to documents "filed with a court." TEX. R. CIV. P. 21c(b). If the trial transcript has been filed with the trial court or is considered a document "filed with a court" regardless of whether it has been physically filed, then it falls under Rule 21c(b) and the trial court was required to grant the redaction request. But if the trial transcript has not been filed with the trial court, then the transcript does not fall under the plain language of Rule 21c and the trial court is not required to redact that information under Rule 21c.

The parties do not address whether trial or hearing transcripts are subject to Rule 21c, and we have found no authorities directly answering that question. However, a document is filed "when it is tendered to the clerk, or otherwise put under the custody or control of the clerk". *Jamar v. Patterso*n, 868 S.W.2d 318, 319 (Tex. 1993); *Standard Fire Ins. Co. v. LaCoke*, 585 S.W.2d 678, 680 (Tex. 1979) ("an instrument is deemed in law filed at the time it is left with the clerk, regardless of whether or not a file mark is placed on the instrument and regardless of whether the file mark gives some other date of filing"); *see also* TEX. R. CIV. P. 74 ("The filing of pleadings, other papers and exhibits as required by these rules shall be made by filing them with the clerk of the court"). Here, the record does not show that the trial transcript has been tendered to the clerk or otherwise placed in the clerk's custody or control. The trial transcript, thus, has not been "filed." And, although the trial transcript is the record of what happened in open court, we conclude that the transcript, standing alone, is not currently a document filed with the court for purposes of Rule 21c. *See In re M-I L.L.C.*, 505 S.W.3d 569, 579 (Tex. 2016) (the testimony given at a hearing is not a court record as defined by Rule 76a and is not by itself a document "filed in connection with any matter before any civil court"). Accordingly, we deny the petition for writ of mandamus to the extent it seeks a writ ordering the trial court to redact the child's name and date of birth from the trial transcript pursuant to Rule 21c.

**B.    Redaction to protect privacy concerns**

Srivastava also argues that the child's name, date of birth, physician's name, trial testimony regarding Greenhut's lists of allegedly sexual and violent fantasies, and the lists of those fantasies should be redacted or remain sealed because the information falls within her and the child's zone of privacy and there is no legitimate public concern for unsealing such sensitive information. Srivastava relies on the general law providing that the Texas Constitution protects personal privacy from unreasonable intrusion. *See, e.g., Tex. State Emps. Union v. Tex. Dept. of Mental Health & Mental Retardation*, 746 S.W.2d 203, 205 (Tex. 1987). "This right to privacy should yield only when the government can demonstrate that an intrusion is reasonably warranted for the achievement of a compelling governmental objective that can be achieved by no less intrusive, more reasonable means." *Id.*

In deciding whether or not to seal court records, the trial court must "balance the public's interest in open court proceedings against an individual litigant's personal or proprietary interest in privacy." *Nguyen v. Dallas Morning News, L.P.*, No. 02-06-298-CV, 2008 WL 2511183, at *4 (Tex. App.—Fort Worth June 19, 2008, no pet.) (mem. op.) (quoting *Gen. Tire, Inc. v. Kepple*, 970 S.W.2d 520, 526 (Tex. 1998)). A trial court abuses its discretion by sealing court records if the record does not show "a specific, serious and substantial interest which clearly outweighs this presumption of openness. . . ." *Boardman v. Elm Block Dev. Ltd. P'ship*, 872 S.W.2d 297, 299 (Tex. App.—Eastland 1994, no writ). Certain personal matters fall within a "constitutionally protected zone of privacy," including matters related to "[m]arital relationships, procreation, contraception, family relationships, child rearing and education, and medical records. . . ." *Nguyen*, 2008 WL 2511183 at *4. "Although there is a presumption under Texas law that the public has no legitimate interest in private embarrassing facts about private citizens, whether a given matter

is of legitimate public concern depends on the factual context of each particular case, the nature of the information, and the public's legitimate interest in its disclosure." *Id.*

The protection of children from abuse "is of the utmost importance in Texas" and information regarding such abuse has been found to be of legitimate public concern such that a trial court does not abuse its discretion by refusing to seal or redact the information. *Id.* (trial court did not abuse its discretion by refusing to seal personnel files that included allegations of sexual assaults of children by a priest). Similarly, in *Backes v. Misko*, this Court found in an Anti-SLAPP case that statements indicating a child may be suffering abuse related to health or safety and fell within the statutory definition of matter of public concern. 486 S.W.3d 7, 18 (Tex. App.—Dallas 2015, pet. denied) (citing TEX. CIV. PRAC. & REM. CODE § 27.001(7)); *see also Shipp v. Malouf*, 439 S.W.3d 432, 438 (Tex. App.—Dallas 2014, pet. denied) ("A matter of public concern is defined broadly; therefore, the legislature expressed its intent that the statute, enacted to protect the right of free speech, be construed broadly").

Srivastava contends that the trial court abused its discretion by refusing to redact information Srivastava believes falls within her and her child's zone of privacy. To establish an abuse of discretion, the relator must establish that the trial court could reasonably have reached only one decision. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "Even if the reviewing court would have decided the issue differently, it cannot disturb the trial court's decision unless it is shown to be arbitrary and unreasonable." *Id.* Here, the information regarding the real party in interest's alleged fantasies certainly sounds like information that one would consider private and embarrassing. However, Srivastava has not provided a transcript from the hearings regarding the redactions or a sealed copy of the information at issue. She has merely presented her opinion that this information, as well as the physician's name, is private and subject to privacy protections. In light of the authorities permitting information regarding child abuse to

be unsealed and the lack of a complete record, Srivastava has not shown that the trial court could have reached only one decision with respect to whether privacy interests clearly outweighed the presumption of openness. *See D.B. v. Rodriguez*, No. 04-00-00335-CV, 2000 WL 33128680, at *2 (Tex. App.—San Antonio Dec. 6, 2000, pet. denied) (not designated for publication) (trial court did not abuse its discretion by denying motion to seal party's medical records showing Hepatitis C diagnosis). This Court may not make factual determinations regarding disputed facts or substitute its opinion for the trial court's opinion. *See Walker*, 827 S.W.2d at 839–40. Accordingly, we conclude that the trial court did not abuse its discretion in refusing to redact the information pursuant to privacy concerns.

## C. Lifting of the order sealing the bill of review records

Srivastava avers that the underlying divorce and termination proceedings were sealed by agreement of the parties and that documents from those proceedings are part of the records in the bill of review proceedings. She complains that the sealed records from the underlying proceedings will be impermissibly unsealed and made public when the trial court lifts the sealing order regarding the records from the bill of review proceedings. Srivastava has not provided a copy of the sealing order(s) from the underlying divorce and termination proceedings or other proof that the records from those proceedings were sealed. We deny Srivastava's petition to the extent it seeks a writ requiring the records from the bill of review proceedings to remain sealed or partially sealed based on the alleged sealing of the underlying divorce and termination proceedings.

We also deny Srivastava's petition to the extent she argues that the trial court abused its discretion by lifting the April 17, 2017 sealing order regarding the records of the bill of review proceedings. Srivastava takes issue with the trial court's findings in the redaction order that the parties did not follow the procedures of Rule 76a to seal the bill of review proceedings and that "the orders herein are in the best interest of the child, including the ability of the child or her

representative to access these records in the future." After denying the bills of review, the trial court held a hearing on its own motion to unseal the court records in the bill of review proceedings. The trial judge purportedly stated at the hearing that the court would unseal the records from the bill of review proceedings on August 25, 2017. Srivastava has not provided this Court with a transcript from that hearing. Without a complete record, this Court cannot determine whether the trial court could reasonably reach only one conclusion regarding unsealing the records of the bill of review proceedings. Accordingly, we deny the petition to the extent it seeks a writ directing the trial court to vacate its order unsealing the records in the bill of review proceedings.

## Conclusion

We conclude the petition should be granted in part and denied in part. We conditionally grant the writ and direct the trial court to redact the child's name and date of birth from all documents that were filed in the trial court in the bill of review proceedings. We further direct the trial court to issue a written order requiring those redactions be made within fifteen (15) days of the date of this opinion. A writ will issue only if the trial court fails to comply with this opinion and the order of this date. We deny the petition on all other grounds.

/Lana Myers/
LANA MYERS
JUSTICE

170998F.P05

–11–