NO. 07-08-0380-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 31, 2008

_____


In re AMANDA SOTO, Individually and as Next Friend of
RAYVEN SOTO, SOYLA REYNA, and VICTOR SOTO,

                                        Relator

_____

***Opinion on Original Proceeding for Writ of Mandamus***
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Pending before the court is a petition for writ of mandamus filed by Amanda Soto, individually and as next friend of Rayven Soto, Soyla Reyna, and Victor Soto. Through the petition, the Sotos ask us to order the Honorable Ruben G. Reyes, 72nd Judicial District, "to revoke his Order Compelling Medical Authorization." We deny the petition.

*Background*

The dispute arises from an automobile accident involving the Sotos and Joyce Edwards. The Sotos sued Edwards. Amanda, Rayven, and Soyla alleged that they suffered "personal injuries" and sought recovery for medical expenses, pain, mental anguish, physical impairment, lost earning capacity, and disfigurement. Victor simply sought recovery for damages related to his vehicle and his inability to use it. Edwards

joined issue and alleged, among other things, that each plaintiff's "medical damages . . . were proximately caused by [their] prior or subsequent medical conditions . . . unrelated to the subject accident." Moreover, a request for disclosure was served upon each plaintiff by Edwards. In it, she sought various things including "[a]n executed copy of the attached authorization permitting the disclosure of Plaintiff's medical records and bills."[1] It is this particular request that is at issue here.

In their written response to the request, Amanda, individually and on behalf of Rayven and Soyla, changed the wording of the request to mirror the language appearing in Texas Rule of Civil Procedure 194.2(j). That rule permits a party to request disclosure of:

> in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills.

This was followed by their statement that "[a]ll medical records and bills that are reasonably related to the injuries or damages will be filed by affidavit and copies will be furnished to Defendant's attorney of record." In Victor's reply, the wording of the request was also changed which wording was then followed by the words "[n]ot applicable." Additionally, none of the plaintiffs executed the authorization. This led Edwards to move for an order compelling the Sotos to sign the document. A hearing was held on the motion, after which the trial court ordered "Plaintiffs [to] execute medical authorizations permitting defense counsel to obtain medical records from and after June 1, 2004."[2]

---

[1]A medical authorization was also sought from Victor Soto though he did not aver that he suffered personal injuries.

[2]Edwards had sought records describing each plaintiff's medical condition since their respective births.

2

*Discussion*

The Sotos contend that the trial court abused its discretion in entering the order alluded to. This was allegedly so because the relief exceeded the scope of Rule 194.2(j), the time period encompassed by the authorization was overly broad, and it violated the patient physician privilege. We reject each argument.

Regarding the scope of Rule 194.2(j), the Sotos believe that the rule grants them leave to provide either the medical records or an authorization in response to the request. The option purportedly does not belong to the party requesting the information (*i.e.* Edwards here). They are mistaken, and in so holding, we turn to our opinion in *In re Shipmon*, 68 S.W.3d 815 (Tex. App.–Amarillo 2001, orig. proceeding). There we wrote that under the "new rules [of civil procedure] a party may obtain discovery of medical records of another party or obtain an authorization from another party by request for disclosure." *Id.* at 820. Moreover, this was said in response to the contention that one cannot be forced to create and execute a medical authorization. Given our prior interpretation of Rule 194.2(j) in *Shipmon*, we cannot but conclude here that the option belongs to the party requesting disclosure, not the one responding to it. If a legitimate authorization is sought, then the respondent cannot unilaterally comply with the request by simply delivering selected medical records.

Next, none of the responses propounded by the Sotos included objections or claims of privilege. This is troublesome because the rules of civil procedure mandate a time in and manner by which objections and claims of privilege relating to discovery must be raised. *See* Tex. R. Civ. P. 193.2(a) (stating that a party must object to written discovery in writing within the time for response and specify the legal and factual basis for the

3

objection); TEX. R. CIV. P. 193.3(a) (stating that the party claiming a privilege may withhold the information but must, in the response or by separate document, 1) state that the information is being withheld, 2) identify the request at issue, and 3) disclose the privilege being asserted). Failing to comply with these procedures may lead to waiver of the objection, TEX. R. CIV. P. 193.2(e) (stating that the objection is waived if the procedure is not followed unless the court excuses the waiver for good cause), or of the privilege. *In re Anderson*, 163 S.W.3d 136, 142 (Tex. App.–San Antonio 2005, orig. proceeding). Because the Sotos complied with neither rule in raising their objections to or alleged privileges against responding, we cannot say that the trial court abused its discretion in entering the order it did. *See Payton v. Ashton*, 29 S.W.3d 896, 899 n.3 (Tex. App.–Amarillo 2000, no pet.) (holding that under the standard of abused discretion, the trial court's decision can be affirmed on grounds unmentioned by the trial court or litigants).[3]

Accordingly, we deny the petition for mandamus.


Brian Quinn
Chief Justice

---

[3]While the Sotos did question the temporal breadth of the authorizations, the complaint was not raised as required by the rules of procedure. Nonetheless, the trial court ordered that Edwards could not obtain medical records in existence prior to 2004. We find nothing wrong with this limitation given Edwards' allegation that various of the injuries allegedly suffered by the Sotos were caused by prior existing conditions. This limitation effectively permits her to develop that claim. As for the matter of privilege, none was ever raised below. Thus, it cannot be asserted here for the first time. *In re L.M.I.*, 119 S.W.3d 707, 711 (Tex. 2003).