**Opinion issued May 30, 2024**



**In The**

# Court of Appeals

**For The**

# First District of Texas

————————————

## NO. 01-23-00935-CV

————————————

## IN RE AUSTIN MAINTENANCE & CONSTRUCTION, INC., Relator

---

## Original Proceeding on Petition for Writ of Mandamus

---

## MEMORANDUM OPINION

This matter involves a personal injury suit stemming from an automobile accident. Relator Austin Maintenance & Construction, Inc. twice moved to compel the execution of a medical authorization for medical records, and twice the trial court judge ("Respondent") denied its motion. Relator filed a Petition for Writ of Mandamus, arguing Respondent abused her discretion by denying its Verified Motion to Compel Medical Authorization, which it needs to discover and adequately

investigate Real Party in Interest Maria Consuelo Reyna's medical condition and the negotiated rates accepted by her medical providers.

We conditionally grant the relief sought.

## Background

Real Party was involved in an automobile accident with Relator's employee, Clinton Dow Ramey, on January 7, 2021.[1] Real Party sued Ramey and Relator for negligence in connection with the accident. Real Party alleges she suffered "multiple and severe damages including but not limited to personal injuries" and as part of her claimed damages, she seeks compensation for past and future medical expenses.

In her Initial and Expert Disclosures, Real Party disclosed she incurred $173,050.03 in past medical expenses pertaining to treatment from various medical providers, including Celebrity Spine & Joint, a provider of pain management medicine. Real Party incurred the vast majority of her medical expenses from Celebrity Spine, primarily for nerve-related injections.

Relator served written discovery on Real Party. Under Request for Production No. 2, Relator requested that Real Party execute a medical authorization to permit

---

[1] The underlying case is *Maria Consuelo Reyna v. Clinton Dow Ramey and [Austin Maintenance & Construction, Inc. incorrectly sued as] Austin Industrial, Inc.*, Cause No. 2021-55761, pending in the 61st District Court of Harris County, Texas, the Honorable Fredericka Phillips presiding.

Relator "to secure medical records from any and all physicians, osteopaths, chiropractors, hospitals, and medical clinics." Real Party refused to provide the authorization stating the request was "unlimited in time and scope" and "would permit [Relator] to obtain records far beyond the scope" of Texas Rule of Civil Procedure 194.2(b)(10).

Relator moved to compel adequate discovery responses because Real Party allegedly "failed to satisfactorily respond to a number of [Relator's] requests." Relator requested that Respondent "overrule [Real Party's] objections and compel more complete answers" to certain interrogatories and requests for production, including, relevant here, Request for Production No. 2. Relator explained that Texas Rule of Civil Procedure 194.2(b)(10) permits a party to obtain discovery of medical records via an authorization, and because "this is a personal injury suit, [Real Party's] medical records are clearly relevant and, thus, discoverable, including the potential for pre-existing injuries." In response to Real Party's objection to the temporal scope of the request, Relator initially agreed to limit the scope of the authorization to ten years, and later to five years preceding the date of Real Party's accident to the present.

Real Party, citing and relying on Texas Rule of Civil Procedure 194.2(b)(10), responded that she was not required to execute the medical authorization because she had already "provided medical records for treatment of injuries sustained in th[e]

3

[accident] in lieu of an authorization." Real Party also argued that Relator's request for a medical authorization was "grossly overbroad" because it was not "limited to medical providers seen as a result of this incident[,]" but rather "the potential for pre-existing injuries" thus going far beyond the "scope anticipated by Rule 194.2(b)(10)."[2]

Relator replied that its motion to compel should be granted because Real Party's reliance on Texas Rule of Civil Procedure 194.2 was misplaced. Relator explained that its motion to compel was not predicated on Real Party's responses to initial disclosures under Rule 194.2, but rather "involve[d] a request for production[,] . . . [necessitating] an executed medical authorization for the retrieval of medical records." Relator reiterated its position that a legitimate request for an executed medical release cannot "be complied with by simply producing medical records."

In her sur-reply, Real Party argued that Texas Rules of Civil Procedure 194.2(b)(10) applies irrespective of whether Relator "requested a medical

---

[2]     Prior to the hearing on Relator's motion to compel, the parties conferred in hopes of resolving their discovery disputes. Relator argued it was entitled "to an authorization if requested, and [that the] request [could not] be complied with by simply producing medical records." Relator stated it was entitled to an authorization so that it could subpoena the records itself, and it agreed to limit the authorization to five years prior to the accident and through the present. According to Relator, Real Party still refused to provide the requested executed medical authorization and "replied that it was [counsel's] policy to not provide medical authorizations."

4

authorization under a request for production or not[.]"  Real Party argued that because she had provided medical records for treatment of injuries sustained in the accident under Rule 194.2(b)(10) *in lieu* of an authorization, nothing in the rules or applicable law obligated her to sign the requested medical authorization.  In other words, Real Party argued that Rule 194.2(b)(10) gave her the unilateral right either to (1) produce medical records and bills herself, or (2) execute a medical authorization permitting the disclosure of such medical records and bills, but not both.  Respondent denied Relator's motion to compel on November 14, 2022.

On October 4, 2023, Relator filed a Verified Motion to Compel Medical Authorization, again moving to compel Real Party to provide an executed medical authorization so that Relator could obtain records from Real Party's medical providers.  Relator asserted that, subsequent to Respondent's November 14, 2022 order, "[Relator] served depositions on written questions and document subpoenas on a number of [Real Party's] health care providers[,] . . . [seeking] the disclosure and production of any negotiated rates these providers accept from either private insurance companies or government payors such as Medicare and Medicaid[,]" but Real Party's medical provider, Celebrity Spine & Joint "refused to respond without an executed authorization from [Real Party]."  In addition to seeking discovery of the negotiated rates Real Party's medical providers accepted for services, Relator argued that Real Party's medical history was relevant and that it was entitled to an

authorization "in order to independently investigate [Real Party's] medical condition." Real Party again responded that, because she had "provided all medical records and bills," she was not required under the Texas Rules of Civil Procedure to provide an executed authorization.

On October 17, 2023, Respondent signed an Order denying Relator's Verified Motion to Compel. Relator filed this Application for Writ of Mandamus, arguing "Respondent abused her discretion by preventing clearly discoverable information."

## Discussion

### A. Standard of Review

Mandamus relief is appropriate when the trial court abuses its discretion, and the relator lacks an adequate remedy by appeal. *In re AutoNation, Inc.*, 228 S.W.3d 663, 667 (Tex. 2007) (orig. proceeding); *In re Prudential Ins. Co of America*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). A trial court abuses its discretion when there is "a clear failure by the trial court to analyze or apply the law correctly." *Walker v. Packer*, 827 S.W.3d 833, 840 (Tex. 1992) (orig. proceeding). Further, "an appeal will not be an adequate remedy where the party's ability to present a viable claim or defense at trial is vitiated or severely compromised by the trial court's discovery error." *Id*. at 843.

6

**B.     Abuse of Discretion**

Relator argues that under Texas Supreme Court precedent, it is entitled to discover the negotiated rates Real Party's medical providers agreed to accept for its services, as well as Real Party's medical history, including any pre-existing conditions.  Relator explains that even though Real Party may disclose and produce medical records and bills as part of her disclosure obligations, nothing precludes Relator's ability to secure an executed medical authorization to secure Real Party's medical records and bills directly from her medical providers.  Because the requested discovery is relevant and critical to its defenses, and at least some of the providers refuse to provide the requested discovery without an executed release, Relator argues Respondent abused her discretion and Relator lacks an adequate remedy by appeal.

Real Party does not dispute that the records Relator seeks are discoverable and relevant.  Instead, Real Party argues that because Relator has not moved to compel production from the third-party medical providers, "nothing is presented for [our] review."  Separately, Real Party argues that under Texas Rule of Civil Procedure 196, "a party cannot be required to create and produce a document which does not exist at the time of the request," and this applies to any attempt "to compel medical records releases."  Further, Real Party argues that under Rule 194.2(b)(10) she has the unilateral right either to produce the medical records herself *or* to execute a medical release *in lieu* of production, but not both.

7

We reject Real Party's arguments.

### 1.     The Requested Medical Records Are Relevant

Procedural rules generally permit discovery of "any matter that is not privileged and is relevant to the subject matter of the pending action." TEX. R. CIV. P. 192.3(a). "While the permissible scope of discovery is broad, trial courts must consider proportionality and weigh a party's right to discovery against the needs of the case." *In re Liberty Cnty. Mut. Ins. Co.*, 679 S.W.3d 170, 174 (Tex. 2023) (orig. proceeding).

Real Party sued Relator for negligence, and she seeks damages for her alleged injuries, including compensation for her past and future medical expenses. Real Party's personal injury lawsuit requires her to prove Relator's liability for the automobile accident and the existence and amount of her damages, including her requested damages for past and future medical expenses. *See generally, Texarkana Mem'l Hosp., Inc. v. Murdock*, 946 S.W.2d 836, 838-840 (Tex. 1997) ("To recover damages, the burden is on the plaintiff to produce evidence from which the jury may reasonably infer that the damages claimed resulted from the defendant's conduct."). In personal injury cases like this one, relevant evidence generally includes both, evidence of the injured person's pre-occurrence condition and the course of her physical condition and progress after the occurrence. *See Guevara v. Ferrer*, 247 S.W.3d 662, 666-67 (Tex. 2007) (Generally, "expert medical evidence is required to

8

prove causation."). The Texas Supreme Court has thus held that information about a plaintiff's pre-existing medical condition at the time of the accident is relevant to a defendant's defenses to damages. *See In re Cent. Or. Truck Co.*, 644 S.W.3d 668, 670 (Tex. 2022) (orig. proceeding).

The Texas Supreme Court also has held that the "reasonableness of [a] claimant's medical expenses" is relevant in a personal injury case where, as here, the plaintiff seeks to recover medical expenses as part of her damages. *See In re K&L Auto Crushers, LLC*, 627 S.W.3d 239, 256 (Tex. 2021) (orig. proceeding). Thus, the negotiated rates a plaintiff's medical providers agreed to receive for medical services provided to the plaintiff, "while not dispositive," are at least relevant to determine whether the claimed medical expenses are reasonable. *Id.*

Real Party does not dispute that her medical history or the negotiated rates her medical providers agreed to accept for the services she received are relevant to the case. Instead, she argues, without elaboration, that the medical authorization Relator seeks is "broad," and thus Respondent did not err by refusing to compel her to execute an "open-ended" release of her medical records. Real Party does not explain why the request is "broad." And Real Party fails to acknowledge that Relator agreed to revise the authorization and limit its temporal scope to five years prior to Real Party's accident until the present. Several courts have held that a five-year request for medical records in personal injury cases is not overbroad. *See In re Liberty Cnty.*

9

*Mut. Ins. Co.*, 679 S.W.3d at 175-76 (finding that discovery request seeking information from five years before the accident and five years after, not overly broad); TEX. CIV. PRAC. & REM. CODE § 74.052(c) (requiring plaintiff asserting health care liability claim to provide medical authorization form identifying, among other things, all physicians or health care providers who examined, evaluated, or treated plaintiff "during a period commencing five years prior to the incident").

We thus hold that Relator's Motion to Compel Real Party to execute a medical release to discover the negotiated rates Real Party's medical providers have agreed to accept for services, and her medical records for a period of five years prior to the date of the accident through the present, is not overly broad.

### 2. Production *In Lieu* of Executed Release

Real Party argues that she is not required to provide an executed authorization because under Texas Rule of Civil Procedure 194.2(b)(10), she has the unilateral right either to provide medical records or an executed authorization, but not both. Rule 194.2(b)(10) provides that, "[w]ithout awaiting a discovery request, a party must provide to the other parties: in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof,

an authorization permitting the disclosure of such medical records and bills[.]" TEX. R. CIV. P. 194.2(b)(10).[3]

Based solely on the language of Rule 194.2(b)(10), and without citing any other authority, Real Party argues that the "choice as to whether to supply records or a medical authorization now clearly rests with the party charged with the duty to disclose." In other words, Real Party argues that once a plaintiff provides a defendant with medical records as part of her initial disclosure obligations, the defendant cannot request, and a court cannot compel, the plaintiff to execute a medical release. We disagree.

Nothing in Rule 194.2 precludes a defendant from seeking production of relevant documents under Texas Rule of Civil Procedure 196 or from requesting, pursuant to such rule, a properly tailored medical release. Real Party has not cited any authority suggesting that Rule 194.2 or Rule 196 require a defendant to rely on a plaintiff to produce relevant medical records. To the contrary, a defendant has a

---

[3] Rule 194.2 was amended, effective January 1, 2021, "'to require disclosure of basic information automatically, without awaiting a discovery request,' whereas previously the rule required the disclosure of basic information only upon request." *In re Bright Stars Montessori Learning Ctr., Inc.*, No. 13-23-00354-CV, 2023 WL 6773861, at *7, n.8 (Tex. App.—Corpus Christi-Edinburg Oct. 12, 2023, orig. proceeding) (mem. op.) (quoting Order, Misc. Docket No. 20-9153 (Tex. Dec. 23, 2020) (approving rule amendments)); TEX. R. CIV. P. 194.6 cmt. Based on this amendment, Real Party argues that pre-2021 cases interpreting Rule 194.2 are inapplicable. But the substance of Rule 194.2(b)(10) remained the same; only the requirement that information under that subsection be produced automatically, without the need for a request, changed. *Compare* former TEX. R. CIV. P. 194.2(j) (amended 2020), *with* TEX. R. CIV. P. 194.2(b)(10).

right to investigate a plaintiff's medical condition, including any pre-existing conditions and the negotiated rates of her medical providers, and it may do so by requesting execution of a medical release. *See In re Liberty Cnty. Mut. Ins. Co.,* 679 S.W.3d 170 (holding that because plaintiff placed existence and extent of her alleged injuries at issue by suing and claiming she suffered personal injuries in car accident, trial court abused its discretion by denying defendant's ability to discover plaintiff's medical records directly from her medical provider); *see also In re Soto,* 270 S.W.3d 732 (Tex. App.—Amarillo 2008, orig. proceeding) (holding trial court did not abuse its discretion by compelling plaintiffs to execute medical authorization in personal injury lawsuit stemming from automobile accident). Real Party cannot circumvent a legitimate request for an authorization merely by delivering selected medical records to Relator. *In re Soto,* 270 S.W.3d at 734 ("If a legitimate authorization is sought, then the respondent cannot unilaterally comply with the request by simply delivering selected medical records.").

### 3. Failure to Preserve Complaint

Real Party next argues that Relator's mandamus petition is without merit because Relator has not attempted to enforce its discovery requests against the third-party medical providers. Real Party argues that because Relator has not "presented [its] complaints about the [lack of] response[] of [Real Party's] medical provider[] to Respondent, and has not obtained a ruling, no error is preserved on this issue."

12

Real Party's argument is misplaced. Relator was not required to pursue a motion to compel against Real Party's medical providers before moving to compel Real Party to execute a medical release and seeking mandamus relief from the denial of its motion. Moreover, as Relator explained in its Motion, at least one medical provider already responded that it will not produce the requested medical records until it receives an executed release from Real Party authorizing the release of records to Relator. Thus, whether in the interest of time or judicial resources, Relator properly filed a Motion to Compel against Real Party for an executed authorization. *See In re Rius Rentals, LLC*, No. 11-21-00211-CV, 2021 WL 5115548, at *4 (Tex. App.—Eastland Nov. 4, 2021, orig. proceeding) (mem. op.) ("We note that authorizations for the release of records related to a party may be an efficient means to obtain records that are in the possession of a third party, particularly if that third party requires such authorizations in order to avoid potential claims."); *see also In re Collins*, 286 S.W.3d 911, 917-18 (Tex. 2009) (orig. proceeding) ("The privacy rules [under Health Insurance Portability and Accountability Act of 1996 (HIPAA)] prohibit the disclosure of protected health information [unless] . . . the patient has executed a valid written authorization.").

### 4. Creation of Documents Not in Existence

Lastly, Real Party argues that Relator cannot obtain an authorization because "under Rule 196, a party cannot be required to create and produce a document which

does not exist at the time of the request." Relying on *In re Guzman*, Real Party argues that being compelled to execute a release is the equivalent of asking her to create and produce a nonexistent document. 19 S.W.3d 522, 525 (Tex. App.— Corpus Christi–Edinburg 2000, orig. proceeding).

Real Party did not object to Relator's Motion to Compel on the ground that it would require her to prepare a non-existent record, but only on the ground that the requests were overbroad. That argument is thus not properly before us. *See In re Shipmon*, 68 S.W.3d 815, 820 (Tex. App.—Amarillo 2001, orig. proceeding) ("Mandamus will not issue to compel a trial judge to do what he or she has not been requested to do."). Moreover, while we acknowledge our sister court's holding in *In re Guzman* to that effect, we cannot agree that asking Real Party to execute a medical release is beyond Respondent's discretion or impermissible under Rule 196.[4] *See In re Turney*, 525 S.W.3d 832, 836 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding) (holding that "the trial court did not abuse its discretion by ordering relator to sign an authorization permitting access to Decedent's medical records"); *In re Rius Rentals, LLC*, 2021 WL 5115548, at *5 ("hold[ing] that [trial]

---

[4]     We note that twenty years after deciding *In re Guzman*, the same court called its opinion in *In re Guzman* into question. *See In re Flores*, No. 13-20-00105-CV, 2020 WL 1951540, at *5, n.4 (Tex. App.—Corpus Christi–Edinburg Apr. 17, 2020, orig. proceeding) (mem. op.) ("The scope of this part of [*In re*] *Guzman*'s holding is unclear in the wake of the numerous intervening changes to the rules of civil procedure.").

[j]udge . . . abused his discretion when [in relying on *In re Guzman*], he categorically held that he could not order [real party in interest] to sign the requested authorizations").

We thus hold Respondent abused her discretion in denying Relator's Motion to Compel Real Party to provide an executed medical authorization. TEX. R. CIV. P. 192 cmt. 7 (trial court "abuses its discretion in unreasonably restricting a party's access to information through discovery").

## C.    No Adequate Appellate Remedy

"A discovery order that denies a party's requested discovery on improper grounds and thus prevents that party from developing a defense that goes to the heart of its case is an abuse of discretion for which mandamus may be appropriate." *In re Liberty Cnty. Mut. Ins. Co.*, 679 S.W.3d at 174*; see also In re K&L Auto Crushers, LLC*, 627 S.W.3d at 256 (explaining that when "denial of discovery" precludes party from effectively preparing for trial, party's remedy by appeal is of "doubtful value"). Mandamus is also appropriate where "discovery is disallowed and cannot be made part of the appellate record such that a reviewing court is unable to evaluate the effect of the trial court's error based on the record." *In re K&L Auto Crushers, LLC*, 627 S.W.3d at 256.

We hold the "denied discovery was necessary to develop defenses that go to the heart of [R]elator['s] case regarding the causal connection between [its] acts . . .

and [Real Party's] alleged damages, and relatedly, the extent of any alleged damages sustained." *In re Bright Stars Montessori Learning Ctr., Inc.*, 2023 WL 6773861, at *8. "Further, 'the effects of [Respondent's] denial of discovery will evade review by any higher court because the discovery [Relator] cannot obtain is from [a] third part[y], the provider[], and thus cannot be included in the appellate record.'" *Id.* (quoting *In re ExxonMobil Corp.*, 635 S.W.3d 631, 635–36 (Tex. 2021) (orig. proceeding)). As such, Relator lacks an adequate remedy by appeal.

## Conclusion

We conditionally grant mandamus relief and direct Respondent to vacate her October 17, 2023 Order Denying [Relator's] Verified Motion to Compel Medical Authorization.[5] A writ will issue only if Respondent fails to comply. Any pending motions are dismissed as moot.

## PER CURIAM

Panel consists of Justices Hightower, Rivas-Molloy, and Farris.

---

[5] Relator asserts in both its Motion to Compel Medical Authorization and mandamus petition that, after serving depositions on written questions and document subpoenas on a number of Real Party's medical providers for disclosure of negotiated rates, it received responses from all of the medical providers but Celebrity Spine. Relator also seeks medical records. While it is not completely clear, the record suggests that Relator seeks medical records only from Celebrity Spine.